RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0225p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

UNITED STATES OF AMERICA,

  *Plaintiff-Appellant/Cross-Appellee*,

  *v.*

STEPHEN MURRAY MITCHELL,

  *Defendant-Appellee/Cross-Appellant*.

Nos. 17-5904/5905/5906

─────────────

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
Nos. 2:17-cv-02341; 2:99-cr-20272-1—Samuel H. Mays Jr., District Judge.

Argued:  October 4, 2018

Decided and Filed:  October 10, 2018

Before:  SUTTON, McKEAGUE, and THAPAR, Circuit Judges.

─────────────

## COUNSEL

**ARGUED:**  Naya Bedini, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellant/Cross-Appellee.  Bradley Girard, GEORGETOWN UNIVERSITY, Washington, D.C., for Appellee/Cross-Appellant.  **ON BRIEF:**  Tony R. Arvin, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellant/Cross-Appellee.  Amit R. Vora, Brian Wolfman, GEORGETOWN UNIVERSITY, Washington, D.C., for Appellee/Cross-Appellant.

─────────────

## OPINION

─────────────

THAPAR, Circuit Judge.  The district court granted Stephen Mitchell habeas relief and gave him a sentence of time-served with three years of supervised release.  Both Mitchell and the

United States appealed.   Since their respective appeals were filed, this circuit has decided substantially-similar cases.  Bound by these recent precedents, we affirm the district court in part and reverse in part.

I.

Stephen Mitchell has a long history of run-ins with the law.  Among other violations, Mitchell's record features three violent felony offenses: two Tennessee aggravated assault convictions and one Tennessee burglary conviction.   And more recently, a jury convicted Mitchell of being a felon in possession of ammunition.  18 U.S.C. § 922(g).  At the time of his sentencing, Mitchell's three prior convictions qualified as "violent" felonies under the Armed Career Criminal Act (ACCA)—meaning Mitchell was subject to the ACCA's enhanced sentencing.   Applying the ACCA, the trial judge sentenced Mitchell to 250 months of imprisonment and three years of supervised release.  But after the Supreme Court invalidated the ACCA's so-called residual clause as unconstitutionally vague, and then applied that holding retroactively, Mitchell filed for habeas relief.  *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).  Mitchell argued that without the ACCA's residual clause, his prior felonies no longer qualified as "violent" under the ACCA. Therefore, he said his 250-month, ACCA-enhanced sentence was invalid.  He argued that instead his sentence should have been ten years (120 months) *at most*.

The district court agreed and granted Mitchell habeas relief.  Specifically, the court found that neither his two aggravated assault convictions nor his burglary conviction could be considered "violent" under the ACCA.  Thus, the ACCA no longer applied to his sentence.  But the district court faced the question of what form of relief to grant Mitchell.  Without the ACCA, the maximum sentence Mitchell could have served for his felon-in-possession conviction was ten years.  But Mitchell had already served *seventeen* years by the end of his habeas proceeding.  So the district court decided to release Mitchell from custody and correct his sentence to "time-served."  The district court also re-imposed Mitchell's original three years of supervised release.

The government and Mitchell cross-appealed.

II.

The government argues that Mitchell's prior convictions qualify as "violent" under the ACCA. But while its appeal was pending, this court held that the "building provision" of Tennessee's 1973 version of third-degree burglary could not be considered "violent" under the ACCA. *Cradler v. United States*, 891 F.3d 659, 671 (6th Cir. 2018) (applying the modified-categorical approach and finding the statute overbroad). Since Mitchell was convicted under the nearly-identical "building provision" of the 1982 version of third-degree burglary, *Cradler* decides this case: Mitchell's burglary conviction is not a "violent" felony under the ACCA. *Compare* Tenn. Code Ann. § 39-904 (1973), *with* Tenn. Code Ann. § 39-3-404 (1982).

Without this burglary conviction, the ACCA no longer applies to Mitchell. The ACCA requires three "violent" felonies before it can enhance a person's sentence. But, as the government concedes, if Mitchell's burglary conviction is not considered "violent," then he only has *two* "violent" convictions left—his aggravated assaults. Therefore, the ACCA no longer applies to Mitchell's sentence, and habeas relief was warranted.

III.

Mitchell makes two arguments challenging the specific habeas relief that he obtained. We address each in turn.

*Time served.* Mitchell contends that the district court erred in giving him a "time-served" sentence as part of his habeas relief. Time-served, Mitchell says, equals the seventeen years he served and thus is "illegal." Although Mitchell will be released either way, he wishes the record to reflect an appropriate non-ACCA sentence.

Once again, this court decided this precise issue while Mitchell's appeal was pending. In *United States v. Nichols*, this court held that a "time-served" sentence corresponds with the actual months that a defendant was imprisoned. 897 F.3d 729, 733–34 (6th Cir. 2018). In that case, Nichols initially received a twenty-four-year sentence. *Id.* at 732. This sentence reflected an enhancement under the ACCA that was later found inapplicable after the Supreme Court invalidated the ACCA's residual clause. *Id.* at 732–33. So Nichols successfully obtained habeas

relief after serving twelve years of his original sentence. When the district court granted Nichols's habeas petition, it corrected his sentence by changing it to a "time-served" sentence. *Id.* at 733. That "time-served" sentence thus equaled the twelve years Nichols had already served.

But this court held that such a "time-served" corrected sentence is unlawful. Absent the ACCA enhancement, Nichols could have received only a ten-year-maximum sentence. But when the district court corrected his sentence to remove the enhancement, it gave Nichols "time-served"—or, as discussed above, twelve years. This corrected sentence thus exceeded the statutory maximum by two years. And any sentence "in excess of the statutory maximum" is unlawful. *Id.* at 735. So this court concluded that "time-served" is inappropriate relief when the habeas petitioner has served a sentence greater than the statutory maximum.

And, in reviewing Nichols's habeas petition, the court also determined that corrected sentences are subject to "reasonableness review." But in that reasonableness review, the *Nichols* court recognized the distinction between a full-on resentencing and a corrected sentence. *See id.* at 738; *United States v. Hadden*, 475 F.3d 652, 667 (4th Cir. 2007) (stating that "resentencing" and "correct[ing]" a sentence necessarily "refer[] to different concepts"). And district courts have discretion to choose between them based on the individual habeas petitioner's circumstances. 28 U.S.C. § 2255(b) (allowing courts to choose between four categories of relief: (1) discharge a petitioner, (2) grant a petitioner a new trial, (3) "resentence him," or (4) "correct the sentence"); *see also Ajan v. United States*, 731 F.3d 629, 633 (6th. Cir. 2013) (noting the district court's "wide berth" in fashioning habeas relief).

As *Nichols* makes clear, a district court that corrects a petitioner's sentence may satisfy reasonableness review in a number of ways. A district court may "impose a corrected sentence based on a brief order, a hearing that resembles a de novo sentencing proceeding, or anything in between." *Nichols*, 897 F.3d at 738 (emphasis removed). Sometimes a more "extensive, detailed order" or a hearing may be necessary. *Id*. But if a court imposes a corrected sentence that is "largely consistent" with a petitioner's original sentence, then a full-on resentencing would be "largely redundant and wasteful." *Id*. Indeed, Congress recognized as much when it allowed for a habeas court to conduct proceedings without the habeas petitioner in attendance.

28 U.S.C. § 2255(c).  Ultimately, the district court has discretion to choose the best method.  No matter which method it chooses, however, the district court should make clear its reasons for the sentence chosen.

Accordingly, we remand to the district court for proceedings consistent with the twin holdings of *Nichols*:  (1) a time-served sentence that is equivalent to a term-of-months sentence above the statutory maximum is invalid, and (2) a district court has the discretion to select appropriate proceedings for correcting a sentence—so long as the corrected sentence complies with substantive and procedural reasonableness.

*Supervised release*.  Mitchell also challenges his supervised release of three years.  But since we are remanding Mitchell's case for additional sentencing proceedings, we need not decide if the district court erred in giving him three years of supervised release.  On remand, the district court should take the opportunity to provide an appropriate rationale for its supervised release decision.  *See United States v. Webb*, 403 F.3d 373, 385 n.8 (6th Cir. 2005).

\* \* \*

We AFFIRM the district court's habeas relief insofar as it held that Mitchell's burglary conviction was not a "violent" felony under the ACCA.  The district court's judgment as it related to Mitchell's sentence is VACATED and REMANDED for proceedings consistent with this opinion.