RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0268p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 18-1676

LAWRENCE FLACK,

*Defendant-Appellant*.

───────────────

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:13-cr-20279-1—Stephen J. Murphy, III, District Judge.

Argued: August 1, 2019

Decided and Filed: October 23, 2019

Before: MOORE, KETHLEDGE, and MURPHY, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Elizabeth Heise, UNIVERSITY OF MICHIGAN LAW SCHOOL, Ann Arbor, Michigan, for Appellant. Margaret Marie Smith, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee. **ON BRIEF:** Elizabeth Heise, Melissa M. Salinas, UNIVERSITY OF MICHIGAN LAW SCHOOL, Ann Arbor, Michigan, for Appellant. Margaret Marie Smith, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.

KETHLEDGE, J., delivered the opinion of the court in which MOORE and MURPHY, JJ., joined. MURPHY, J. (pp. 6–7), delivered a separate concurring opinion.

---

**OPINION**

---

KETHLEDGE, Circuit Judge.   In this case the district court's error was one that this court invited.   Lawrence Flack argues that the district court erred when it failed to hold a resentencing hearing after, at our direction, the district court vacated one of Flack's convictions. The reason why the district court did not hold a resentencing hearing, in all likelihood, is that our remand order seemed to suggest that the court did not need to.   But on this record that suggestion was mistaken.   We therefore vacate Flack's sentence and remand for him to be resentenced pursuant to a sentencing hearing.

In 2013, Flack pled guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).   The district court sentenced Flack to 262 months' imprisonment, which was the bottom of his Guidelines range.

A year later, Flack moved to vacate his sentence under 28 U.S.C. § 2255, arguing that his counsel had been ineffective.   The district court denied the motion.   On appeal, we held that Flack's counsel had been ineffective for failing to argue that Flack's convictions for both receipt and possession of the same child pornography violated the Double Jeopardy Clause.   We therefore issued what we called a "general remand," with instructions to the district court to vacate one of the convictions.   The remand order gave "the district court discretionary authority over which of Flack's convictions to vacate and whether to conduct a resentencing hearing[.]" The order also stated that, if the district court vacated Flack's possession conviction, then "resentencing is not necessary" because his Guidelines range would remain the same.

On remand, the district court vacated Flack's possession conviction and imposed the same sentence of 262 months' imprisonment.   In its order, the court said it "need not conduct a resentencing hearing" because its previous sentence "properly account[ed]" for the sentencing factors listed in 18 U.S.C. § 3553.   We review for an abuse of discretion the form of relief that

the district court granted under § 2255.  *See Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013).

Flack argues that the district court abused its discretion because, he says, he was entitled to a resentencing hearing.  We have previously held—albeit on direct review—that, "upon a general remand for resentencing, a defendant has a right to a plenary resentencing hearing at which he may be present and allocute." *United States v. Garcia-Robles*, 640 F.3d 159, 161 (6th Cir. 2011).  Every other circuit to have decided the issue has held the same.  *See United States v. DeMott*, 513 F.3d 55, 58 (2d Cir. 2008); *United States v. Muhammad*, 478 F.3d 247, 249–50 (4th Cir. 2007); *United States v. Faulks*, 201 F.3d 208, 210–11 (3d Cir. 2000); *United States v. Jackson*, 923 F.2d 1494, 1496 (11th Cir. 1991); *United States v. Moree*, 928 F.2d 654, 655–56 (5th Cir. 1991); *United States v. Smith*, 930 F.2d 1450, 1456 (10th Cir. 1991).  That holding follows directly from the Federal Rules of Criminal Procedure, which provide that "the defendant must be present" at sentencing and that he has a right to allocute there.  Fed. R. Crim. P. 43(a)(3), 32(i)(4).  And the Federal Rules do "not distinguish between a defendant's initial sentencing and a resentencing upon direct appeal." *Garcia-Robles*, 640 F.3d at 165.  The same is true for 18 U.S.C. § 3553, "which requires a sentencing court to state the reasoning underlying a sentence 'in open court[.]'" *Id*. at 164 (quoting § 3553(c)).

This case comes to us on collateral review pursuant to § 2255, rather than on direct review as in *Garcia-Robles*; but the point of that decision is that a sentencing is sentencing, regardless of the docket entries that precede it.  And a sentencing must occur in open court with the defendant present.  18 U.S.C. § 3553(c); Fed. R. Crim. P. 43(a)(3).  Like every other circuit to have reached the issue, therefore, we hold that a resentencing pursuant to § 2255 must be conducted during a sentencing hearing.  *See United States v. Brown*, 879 F.3d 1231, 1235–40 (11th Cir. 2018); *Muhammad*, 478 F.3d at 250 n.2; *Williamson v. United States*, 265 F.2d 236, 239 (5th Cir. 1959).

Of course, § 2255(b) allows a district court either to "resentence" a defendant or to "correct" his sentence, "as may appear appropriate."  And we have said that a court may "correct" a defendant's sentence without holding a resentencing hearing.  *See, e.g.*, *United States v. Mitchell*, 905 F.3d 991, 994 (6th Cir. 2018); *cf*. Fed. R. Crim. P. 43(b)(4) (stating that a

defendant need not be present if "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)").  Whether Flack was entitled to a sentencing hearing on remand, therefore, depends on whether the court corrected his sentence or resentenced him.

A district court "corrects" a defendant's sentence when its action is arithmetical, technical, or mechanical.  *See* Fed. R. Crim P. 35(a); *Brown*, 879 F.3d at 1236; *United States v. Palmer*, 854 F.3d 39, 48 (D.C. Cir. 2017).  For example, the court corrects a sentence when—at a circuit court's direction on remand—the court merely cuts back to the statutory maximum a sentence that had exceeded it, *cf. United States v. Bryant*, 643 F.3d 28, 32 (1st Cir. 2011); or when the court does "no more than mechanically vacate . . . unlawful convictions (and accompanying sentences)[,]" *see Palmer*, 854 F.3d at 48.  Correction of a sentence therefore does not involve "a reevaluation of the appropriateness of [the defendant's] original sentence." *Id.* at 42.  In contrast, a district court resentences the defendant, for purposes of § 2255, when it revisits the § 3553(a) factors and determines anew what the sentence should be.  *See Brown*, 879 F.3d at 1236.  A resentencing could thus result in the same sentence as the one the district court imposed initially.

That is what happened here.  After vacating Flack's conviction for possession of child pornography, the court reasoned that its original sentence of 262 months "properly accounts for" all the § 3553(a) factors, which the court then enumerated in its order.  *See* May 25, 2018 Order at 2.  The court's decision thus reflected a "reevaluation of [the] original sentence[,]" *Palmer*, 854 F.3d at 42, which could have come out differently if the district court had so chosen.  The district court's action thus amounted to a resentencing of Flack rather than to a correction of his sentence.  And that means the court was required to hold a sentencing hearing at which Flack was present and during which the court would announce the reasons for the sentence "in open court."  Fed. R. Crim. P. 43(a); 18 U.S.C. § 3553(c).

The government for its part argues that our remand order was limited rather than general.  Specifically, the government contends that our order by its terms allowed the district court only to correct Flack's sentence, rather than to resentence him.  But the order itself described our remand as "general"; and the order's terms expanded rather than limited the court's discretion as

to the proceedings on remand.  Therein lay our own mistake: our order can be read to allow the court to revisit the propriety of Flack's original sentence without conducting a sentencing hearing.  That confusion likely arose from the "wide berth" that § 2255 gives district courts "in choosing the proper scope of post-2255 proceedings."  *Ajan*, 731 F.3d at 633 (internal quotation marks omitted).  And indeed the district court conceivably could have "mechanically vacate[d]" Flack's conviction and sentence for possession—thereby leaving in place his original sentence for receipt without in any way revisiting the propriety of that sentence.  *See Palmer*, 854 F.3d at 48.  That in essence is what the district court did in *Palmer*.  But the district court here—to its credit—chose to apply the § 3553(a) factors anew, which meant that its action was a resentencing and that the court was required to hold a sentencing hearing.

We vacate Flack's sentence and remand for proceedings consistent with this opinion.

————————————

## CONCURRENCE

————————————

MURPHY, Circuit Judge, concurring.  I join the court's opinion but write to express a note of caution to the district courts in this circuit.

This case addresses the remedies available when a federal criminal judgment contains an error that a district court may redress under 28 U.S.C. § 2255.  If a district court finds a redressable error, the statute says, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  *Id.* § 2255(b).  For sentencing errors, this text gives courts a choice between two remedies—either "resentence" the defendant or "correct" the defendant's sentence. *Id.*

This distinction matters.  As our decision today holds, a "resentencing" under § 2255(b) must come with a sentencing's usual protections, including the defendant's right to be present and make a statement.  But a "correction" of a sentence need not follow those procedures.

In this case, the district court's analysis qualifies as a resentencing of Lawrence Flack, not a correction of his sentence.  The district court stated:

> The Court's previous sentence of 262 months' imprisonment for Flack's receipt conviction is "sufficient, but not greater than necessary" to accomplish the purposes set forth in 18 U.S.C. § 3553.  The sentence properly accounts for the nature and circumstances of the offense, acknowledges the history and characteristics of the defendant, reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense.  *See id.* at § 3553(a)(1) and (a)(2).

It thus evaluated the § 3553(a) factors to find that Flack's 262-month sentence for the receipt of child pornography "is 'sufficient, but not greater than necessary.'"  And because the court resentenced Flack, Flack was entitled to be present.  Yet, as our decision also makes clear, the court likely could have corrected Flack's sentence if it had, without more, simply vacated the

duplicative 240-month concurrent sentence for possession of child pornography.  Such a correction would not have required Flack's presence.

That said, I see potential tension between our holding in this case and some earlier dicta in *United States v. Nichols*, 897 F.3d 729 (6th Cir. 2018).  *See also United States v. Mitchell*, 905 F.3d 991, 994 (6th Cir. 2018).  *Nichols* suggested that we must subject even a "corrected" sentence to the full reasonableness review that applies to an original sentence.  *See* 897 F.3d at 736.  To be procedurally reasonable, moreover, a sentence must account for the § 3553(a) factors.  *Id.* at 737.  Reading *Nichols* alone, a district court might feel obliged to evaluate the § 3553(a) factors in order to avoid a procedural-reasonableness challenge to a mere sentencing correction.  Under today's decision, however, it is that very evaluation of the § 3553(a) factors that could transform a "correction" into a "resentencing" and so trigger the full sentencing process.

What are district courts to do?

The answer, it seems to me, lies in what *Nichols* meant by "reasonableness" review.  The reasonableness review that applies to corrections cannot be the same as the reasonableness review that applies to sentencings.  *See Mitchell*, 905 F.3d at 994.  *Nichols* itself said that "[w]hen the court imposes a corrected sentence that is largely consistent with the rationale of the original sentence, a *de novo* resentencing would be largely redundant and wasteful."  897 F.3d at 738.  And because we hold today that a new evaluation of the § 3553(a) factors transforms a correction into a resentencing, that evaluation cannot be necessary under the dicta in *Nichols*.  If it were, we would erase the "correction" portion of the statute and require resentencing in every case.  Instead, district courts may issue corrections that do not reassess the § 3553(a) factors if they simply offer a reasoned explanation for choosing a correction rather than a resentencing.  In this case, however, the district court affirmatively reevaluated the § 3553(a) factors to determine the proper sentence anew.  It thus "resentenced" Flack.

With this understanding of these opinions, I concur.