RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0140p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

BENJAMIN PRESTON FOREMAN,

*Defendant-Appellant*.

No. 19-1827

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:06-cr-00030-1—Robert J. Jonker, District Judge.

Argued: March 11, 2020

Decided and Filed: May 7, 2020

Before: GIBBONS, McKEAGUE, and WHITE Circuit Judges.

_____

## COUNSEL

**ARGUED:** Elizabeth A. LaCosse, FEDERAL PUBLIC DEFENDER, Marquette, Michigan, for Appellant. Nils R. Kessler, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Elizabeth A. LaCosse, FEDERAL PUBLIC DEFENDER, Marquette, Michigan, for Appellant. Nils R. Kessler, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

_____

## OPINION

_____

JULIA SMITH GIBBONS, Circuit Judge. Benjamin Foreman appeals the district court's order granting his motion for a sentence reduction pursuant to the First Step Act of 2018

("First Step Act"). He raises two arguments on appeal. First, he argues that the First Step Act requires district courts to conduct a plenary resentencing of any defendant deemed eligible for relief under the law. Specifically, Foreman contends that the district court erred by refusing to grant his requests for an in-person hearing and reconsideration of his career offender status. Second, Foreman argues that his reduced sentence is unreasonable. He maintains that, because he should no longer be classified as a career offender, the district court unreasonably varied upward from his true Guidelines range. Foreman also contends that the district court erred when it allegedly failed to recognize that he was eligible for a reduced term of supervised release.

As we have previously concluded, nothing in the First Step Act entitles a defendant to a plenary resentencing. Moreover, we hold that the district court properly imposed Foreman's reduced sentence. In doing so, we find that we have authority under 18 U.S.C. § 3742(a)(1) to review Foreman's claim that the district court's sentencing determination was unreasonable. Although our precedents indicate that reasonableness review does not apply to certain sentence-reduction proceedings, we find that the First Step Act is distinguishable and decline to extend those precedents to First Step Act proceedings. We nevertheless hold that Foreman's reduced sentence was reasonable. We therefore affirm.

I.

In 2006, Benjamin Foreman pled guilty to (1) possession with intent to distribute fifty or more grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii); (2) possession with intent to distribute cocaine powder, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); and (3) possession of a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). During his plea colloquy, Foreman admitted that he was responsible for approximately 135 grams of crack cocaine and 250 grams of cocaine powder. Similarly, the Presentence Investigation Report ("PSR") found that Foreman was responsible for 135 grams of crack cocaine and 250 grams of cocaine powder.

Under the 2006 edition of the United States Sentencing Guidelines ("Guidelines"), these drug quantities resulted in an initial base offense level of 32 for the two cocaine offenses. After

adjusting downward by three points for acceptance of responsibility, Foreman's initial total offense level was 29, along with a criminal history category of IV. Foreman, however, was determined to be a career offender under § 4B1.1 of the Guidelines. In turn, because the statutory maximum sentence for Foreman's conviction under § 841(b)(1)(A)(iii) was life imprisonment, his total offense level became 34 and his criminal history category VI. Foreman's resulting drug offense range was 262 to 327 months.

After adding in the mandatory-minimum 60 months' imprisonment required by § 924(c) for the firearms conviction, Foreman had a final Guidelines range of 322 to 387 months. At his sentencing, the district court varied downward from the applicable Guidelines range and imposed a total sentence of 300 months' imprisonment. The sentence consisted of 240 months' imprisonment with respect to each of the drug convictions, to run concurrently with each other, and 60 months' imprisonment with respect to the single firearms conviction, to run consecutively to the drug-offense sentences. Foreman was also sentenced to the statutory-minimum five years of supervised release.

Approximately four years after the district court sentenced Foreman, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"). Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act reduced the penalties for specific cocaine-related offenses punishable under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) by increasing the amount of crack cocaine required to trigger those provisions' penalties. *See* Fair Sentencing Act §§ 2–3. As relevant here, section 2 of the Fair Sentencing Act increased from fifty grams to 280 grams the quantity of crack cocaine required to trigger the mandatory ten-years-to-life term of imprisonment under § 841(b)(1)(A). A defendant convicted for an offense involving less than 280 grams of crack cocaine, in turn, would now be subject to the less severe five-to-forty-year prison term under § 841(b)(1)(B). Thus, had Foreman been sentenced after the Fair Sentencing Act was enacted, he would have been subject to the five-to-forty-year range under § 841(b)(1)(B).

The provisions of the Fair Sentencing Act, however, were not made retroactive by Congress, so Foreman's sentence remained the same. That changed in 2018 when Congress enacted the First Step Act. Pub L. No. 115-391, 132 Stat. 5194. Under section 404(b) of the First Step Act, a defendant who committed a "covered offense" may move his sentencing court

to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  A "covered offense," in turn, is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . [and] that was committed before August 3, 2010."  First Step Act § 404(a).  Nothing in section 404, however, "require[s] a court to reduce" the sentence of an eligible defendant.  *Id.* § 404(c).  The effect of the First Step Act, then, is to allow—but not require—district courts to retroactively apply the Fair Sentencing Act to eligible defendants.

On March 8, 2018, Foreman moved the district court for a sentence reduction pursuant to the First Step Act.  The parties agreed that Foreman was eligible for such a reduction but disagreed as to the process the district court was required to follow when determining whether and to what extent it would reduce his sentence.  Foreman argued that the First Step Act required the district court to engage in a plenary resentencing, including an in-person hearing, *de novo* application of current law, and reconsideration of his career offender status.  The government, by contrast, argued that the district court lacked authority to engage in a plenary resentencing.

In a written decision, the district court granted Foreman's motion in part.  In doing so, it held that Foreman was not entitled to a plenary resentencing under the First Step Act and declined to revisit his career offender status or hold an in-person hearing.  The district court then weighed several factors, including the new statutory range applicable to Foreman's drug offenses, his recalculated Guidelines range under both the 2006 and 2018 editions of the publication, and the factors outlined in 18 U.S.C. § 3553(a).  With those considerations in mind, the court exercised its discretion to reduce Foreman's total sentence to 232 months—172 months on each of the drug offenses, to run concurrently, and the mandatory consecutive 60 months on the firearms offense.  It left unchanged all other terms of the original sentence, including Foreman's five years of supervised release.  Foreman timely appealed.

## II.

Foreman raises two arguments on appeal.  First, he contends that the First Step Act required the district court to conduct a plenary resentencing, including an in-person hearing, *de*

*novo* application of current law, and reconsideration of his career offender status. Second, and based primarily on his first argument, Foreman contends that the district court abused its discretion and imposed a reduced sentence that is substantively and procedurally unreasonable. He argues that the district court erroneously retained his career offender status when calculating his new Guidelines range and thus unreasonably varied upward from his true range. He also claims that the district court failed to recognize that application of the First Step Act lowered his mandatory-minimum term of supervised release by one year. We address each issue in turn.

A.

Foreman first argues that, once the district court determined he was eligible for a reduced sentence, the First Step Act required it to conduct a plenary resentencing. Specifically, he contends that the district court should have held an in-person hearing to determine the extent of his sentence reduction—if any—based on *de novo* application of current law and reconsideration of his career offender status. The government responds that, although Foreman was eligible for a sentence reduction, nothing in the First Step Act required the district court to conduct a plenary resentencing.

Under section 404(b) of the First Step Act, a defendant who committed a "covered offense" may move to have a district court "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A district court, however, is not "require[d] . . . to reduce any sentence" pursuant to section 404(b). First Step Act § 404(c); *see also id.* § 404(b) (instructing that a court "*may . . .* impose a reduced sentence" (emphasis added)). Instead, the choice of whether to grant such relief to an otherwise eligible defendant is left to "the district court's sound discretion." *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019). The parties here do not dispute that Foreman committed a covered offense; rather, they disagree as to the procedure required when a district court considers whether and to what extent an otherwise eligible defendant should be granted relief.

We recently settled the plenary sentencing issue in *United States v. Alexander*, 951 F.3d 706 (6th Cir. 2019) (per curiam order). *Alexander*, which was designated for publication after

briefing closed in this case, held that defendants who are eligible for relief under section 404 of the First Step Act are "not entitled to a plenary resentencing."[1]  951 F.3d at 708; *see also United States v. Hegwood*, 934 F.3d 414, 417–19 (5th Cir. 2019) (holding that the First Step Act does not require a plenary resentencing); *United States v. Williams*, 943 F.3d 841, 843–44 (8th Cir. 2019) (holding that the First Step Act does not require a hearing); *United States v. Hamilton*, 790 F. App'x 824, 826 (7th Cir. 2020) (per curiam order) (holding that the district court did not plainly err by reducing a defendant's sentence without a plenary proceeding).  Although we are bound by the holding of *Alexander*, Foreman raises an argument that we did not have occasion to consider in *Alexander*.  We take the opportunity to address it here.

Before this panel, Foreman focuses on section 404(b)'s use of the term "impose." He contends that the drafters' use of "impose"—rather than "modify" or "reduce"—was a deliberate choice meant to convey rigorous procedural requirements.  As Foreman highlights, "impose" is used elsewhere to describe a defendant's original sentencing.  A district court, for instance, is directed to "*impose* a term of imprisonment" only after "consider[ing] the factors set forth in section 3553(a)."  18 U.S.C. § 3582(a) (emphasis added).  Section 3553(a), in turn, directs that a district court, "in determining the particular sentence to be *imposed*," must balance a host of considerations, including the aims of punishment, the defendant's circumstances, and an up-to-date Guidelines range.  *Id.* § 3553(a) (emphasis added).  Foreman contrasts these provisions with § 3582(c) and (c)(2), which direct that, once a prison term has been "imposed," it may be "modified" or "reduced" only in narrow circumstances.  He argues that, in limiting the process available to defendants eligible for sentence modifications and reductions, Congress necessarily distinguished the process required when a district court "imposes" a sentence.

Foreman attaches undue significance to the word "impose."  To begin, "impose" does not have the singular procedural connotation ascribed to it by Foreman.  We have previously held that a district court "impose[s] a new sentence" even when it engages in a limited modification or reduction of an existing sentence—not just when it conducts a plenary resentencing.  *United States v. Bowers*, 615 F.3d 715, 719 (6th Cir. 2010) (quoting *United States v. Moran*, 325 F.3d

---

[1]*Alexander* was originally decided and filed as an unpublished order on October 18, 2019.  It was designated for publication on March 4, 2020.

790, 793 (6th Cir. 2003)). In *Moran*, for instance, we held that a sentence reduction under Federal Rule of Criminal Procedure 35(b), despite authorizing a district court to consider only a defendant's substantial assistance, still functions to "impose[] a new sentence." 325 F.3d at 793; *see also United States v. McDowell*, 117 F.3d 974, 977 (7th Cir. 1997) (holding the same). And in *Bowers*, we held that a reduction under § 3582(c)(2)—a provision analogous to Rule 35(b) in that it tightly circumscribes the bases upon which a district court may reduce a defendant's sentence—also has the effect of "impos[ing]" a new sentence. 615 F.3d at 722–23; *see also* U.S.S.G. § 1B1.10. Foreman's rigid interpretation of the term "impose" thus does not square with our precedents.

In addition, even if the term "impose" were typically associated with a plenary proceeding, other language in section 404 suggests that Congress did not rely on that connotation here. If, as Foreman suggests, Congress had intended to create a plenary resentencing requirement using a single term, we would at least expect it to have uniformly relied on that term to characterize the relief available under the First Step Act. *Cf. King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991) ("[A] statute is to be read as a whole since the meaning of statutory language, plain or not, depends on context."). But Congress did not do that. Section 404(c), for instance, repeatedly refers to a motion brought under section 404(b) as a "motion . . . to reduce a sentence," not a motion to "impose" a new sentence. Similarly, section 404(c) defines a district court's discretion by reference to whether it must "reduce a[] sentence," not whether the district court must "impose" a new sentence. And, in section 404(b), the term "impose" modifies the phrase "a reduced sentence." Looking at the language as a whole, then, the term "reduce" seems more significant in interpreting section 404 than does the term "impose." At the very least, these inconsistencies suggest that Congress did not intend an isolated use of a single term to create a plenary resentencing requirement by implication.

That conclusion is bolstered by the presumption of sentencing finality codified in 18 U.S.C. § 3582(c). Under § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed." Although Congress has provided several exceptions to that rule, including "to the extent expressly permitted by statute," *id.* § 3582(c)(1)(B), the Supreme Court and our circuit have generally interpreted these exceptions narrowly. *See, e.g.*, *Dillon v. United*

*States*, 560 U.S. 817, 825–28 (2010) (holding that § 3582(c)(2), which allows a district court to reduce a defendant's sentence based on retroactively-applicable Guidelines amendments, does not permit "a plenary resentencing"); *United States v. Grant*, 636 F.3d 803, 811–15 (6th Cir. 2011) (en banc) (holding that Rule 35(b), which allows a sentence reduction for defendants who render "substantial assistance," prohibits consideration of "factors not related to cooperation"). These provisions are not at issue in this case and impose additional restrictions not found in the First Step Act; nevertheless, the general reluctance to interpret such exceptions expansively forms the backdrop against which Congress enacted the First Step Act. When read in this context, it is hard to imagine that Congress not only created an exception to the rule of finality but also, without expressly saying so, mandated a far broader plenary resentencing requirement.

## B.

Foreman also claims that his reduced sentence is substantively and procedurally unreasonable. He argues that, because he should no longer be classified as a career offender, the district court unreasonably varied upward from his true Guidelines range. Foreman also maintains that the district court committed an error of law when it allegedly failed to recognize that he was eligible for a reduced term of supervised release.

## 1.

Whether we should review First Step Act cases for reasonableness is an open question. We have in fact done so in a recent published opinion that did not address the standard of review explicitly. *See United States v. Woods*, 949 F.3d 934, 938 (6th Cir. 2020). Here, Foreman assumes that the familiar reasonableness analysis deriving from *United States v. Booker*, 543 U.S. 220 (2005), should apply. 543 U.S. at 261. The government addresses the standard of review and argues that reasonableness challenges to sentence reductions under the First Step Act are not reviewable at all, relying on *Bowers*, which held that rulings on sentence reduction motions under 18 U.S.C. § 3582(c)(2) and Federal Rule of Criminal Procedure 35(b) cannot be

reviewed for reasonableness on appeal.**[2]**  615 F.3d at 725–28.  The government argues that First Step Act motions should be treated the same way as Rule 35(b) and § 3582(c)(2) motions.

Answering the question about standard of review requires an odd detour into subject matter jurisdiction.  After the briefs in this case were filed, our court substantially clarified the import of *Bowers*, which framed its rule with respect to § 3582(c)(2) motions as based on an absence of jurisdiction.  In *United States v. Marshall*, 954 F.3d 823 (6th Cir. 2020), we recognized that, under current Supreme Court teaching, a jurisdictional limit exists only "[i]f the Legislature clearly states that a prescription counts as jurisdictional."  954 F.3d at 826 (alteration in original) (quoting *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1850 (2019)).  The *Marshall* court reviewed Supreme Court subject matter jurisdiction jurisprudence in the years just before and after *Bowers*, and it traced the Court's concern over the casual and imprecise use of the word "jurisdiction."  *Id.* at 826–27.  *Marshall* specifically defines the import of 18 U.S.C. § 3742(a) on sentencing review as "a mandatory limit on our power, not a subject-matter jurisdiction limit on our power."  *Id.* at 827.  And *Marshall* notes that § 3742 did not displace 28 U.S.C. § 1291, the subject matter jurisdiction grant for hearing criminal appeals that was used prior to the Sentencing Reform Act of 1984.  *Id.* at 827–28.

Although we have now settled that *Bowers* does not limit our subject matter jurisdiction, the question remains whether its conclusion—that sentence reductions under § 3582(c)(2) and Rule 35(b) cannot be reviewed for reasonableness under § 3742(a)(1)—should persuade us to adopt a similar rule for First Step Act cases.  We conclude that it does not.

*Bowers* focused exclusively on Rule 35(b) and § 3582(c)(2)—two discrete, circumscribed sentence-reduction provisions—and neither its holding nor its reasoning controls the outcome in

---

**[2]**Under § 3742(a), courts hear a defendant's appeal of an "otherwise final sentence" only when the defendant raises one of the four following arguments: that his sentence (1) "was imposed in violation of the law," (2) "was imposed as a result of an incorrect application of the sentencing guidelines," (3) "is greater than the sentence specified in the applicable guideline range," or (4) "is plainly unreasonable" and for "an offense for which there is no sentencing guideline."  While *Bowers* recognized that a defendant's reasonableness challenge to his initial sentence typically gives rise to appellate review under § 3742(a)(1) as an alleged "violation of law," it held that reasonableness challenges to sentence reductions under Rule 35(b) and § 3582(c)(2) do not allege a "violation of law" giving rise to appellate review.  615 F.3d at 727–28.  *Bowers* left open the possibility for appellate review of sentence reductions where the defendant alleged non-reasonableness grounds for appeal that satisfied one of § 3742(a)'s four criteria.  *See id.* at 728 n.14.

this case.  In *Bowers*, we relied on "the similarities between proceedings under § 3582(c)(2) and Rule 35(b)" to conclude that reasonableness review does not apply to sentence modifications made pursuant to either of those provisions.  615 F.3d at 728.  The nature of proceedings under those provisions and their dissimilarity from initial sentencing proceedings, we reasoned, weighed against importing the same standard of review applied to initial sentencings.  *Id.* at 725–28.  While *Bowers* found the authority granted to district courts in Rule 35(b) and § 3582(c)(2) to be of "limited scope and purpose," *id.* at 728, the same cannot be said of the more open-ended discretion afforded to district courts under the First Step Act.

It is this direct, open-ended grant of sentencing discretion which suggests that our role on appeal is different than that under Rule 35(b) or § 3582(c)(2).  Under section 404(b) and (c) of the First Step Act, a district court is authorized to do two things with respect to a defendant's covered offense: (1) determine the statutory and Guidelines ranges "as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed," and (2) exercise its discretion to impose a new sentence somewhere between the revised statutory minimum and the existing sentence.  Unlike Rule 35(b) or § 3582(c)(2) proceedings, which are limited in nature, the First Step Act imposes no additional constraints on a district court's discretion once it determines the statutory and Guidelines ranges "as if" the Fair Sentencing Act had been in effect before 2010.  Section 404 does not, for instance, limit the district court to considering just one category of information, *see, e.g., Grant*, 636 F.3d at 811–15 (discussing Rule 35(b)), or make the Sentencing Commission's policy statements binding on the district court, *see* § 3582(c)(2).

Indeed, as we recently confirmed in *United States v. Allen*, a district court may still "consider all relevant factors" when determining whether and to what extent an otherwise eligible defendant should be granted relief under the First Step Act.  No. 19-3606, 2020 WL 1861973, at *2 (6th Cir. Apr. 14, 2020).  Without mandating any particular set of procedures, *Allen* specifically found that the First Step Act authorizes a district court to consider the full range of § 3553(a) factors, including a defendant's applicable Guidelines range and "other relevant information about the defendant's history and conduct."  *Id*.  And the *Allen* court emphasized the desirability of using existing sentencing criteria in this new sentencing context.

*Id.* at \*3. It would be anomalous, the *Allen* court reasoned, for Congress to have delegated this level of discretion without some guiding principles in mind. *Id.* The court thus found it "likely . . . that Congress intended district courts to apply, by default, existing sentencing standards when exercising their discretion." *Id.* (quoting *United States v. Rose*, 379 F. Supp. 3d 223, 235 (S.D.N.Y. 2019)).

Since *Bowers* was decided, reasonableness review has increasingly become the default standard for assessing a defendant's challenge to his or her sentence, and defendants accordingly present their sentencing challenges within that analytical framework. Indeed, every other circuit has declined to follow *Bowers*'s holding that § 3582(c)(2) sentence-reduction proceedings are not subject to reasonableness review. *See United States v. Rodriguez*, 855 F.3d 526, 530 (3d Cir. 2017) ("No Circuit has followed [*Bowers*]."). It is against this otherwise uniform backdrop that Congress enacted the First Step Act and granted district courts the discretionary power to reduce a defendant's sentence. *See Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 184–85 (1988) ("We generally presume that Congress is knowledgeable about existing law pertinent to the legislation it enacts."); *Office of Workers' Comp. Programs v. Perini N. River Assocs.*, 459 U.S. 297, 319 (1983) ("We may presume 'that our elected representatives . . . know the law.'" (quoting *Cannon v. Univ. of Chi.*, 441 U.S. 677, 696–97 (1979))). It would make little sense for Congress to have granted district courts this familiar form of discretion but silently withheld appellate review of any decisions inconsistent with that discretion.

Because plenary hearings with the defendant present are not required in First Step Act cases, doubtless many, perhaps most, district judges will employ different procedures for handling them. While there will surely be many procedural differences, the First Step Act nevertheless provides a statutory grant of discretion to district courts, and district courts may, necessarily, act in a manner inconsistent with that discretion. When district courts do abuse this statutory grant of discretion, their conduct amounts to a "violation of law" giving rise to appellate review under § 3742(a)(1).

Although reasonableness review is the accepted standard for assessing a district court's exercise of its sentencing discretion, the precise contours of such review will no doubt differ and evolve as we consider First Step Act appeals. But we are familiar with applying adjusted

reasonableness standards. In fact, we have had little trouble adjusting the reasonableness standard for review of sentence "correction[s]" made pursuant to 28 U.S.C. § 2255(b). *See United States v. Nichols*, 897 F.3d 729, 736–38 (6th Cir. 2018); *United States v. Mitchell*, 905 F.3d 991, 994 (6th Cir. 2018); *see also United States v. Flack*, 941 F.3d 238, 241 (6th Cir. 2019) ("A district court 'corrects' a defendant's sentence when its action is arithmetical, technical, or mechanical."). In *Nichols*, we held that "corrected sentences"—like initial sentences and plenary resentencings—"are subject to reasonableness review." 897 F.3d at 736. We explained that, despite often bearing little resemblance to initial sentencings, a district court's correction of a sentence is equally amenable to review for reasonableness. *Id.* at 737–38. In doing so, *Nichols* opined that we could employ the same principles animating our review of initial sentences for reasonableness while still holding "corrected sentences" to a less exacting standard. *Id.* at 738; *see also Flack*, 941 F.3d at 243 (Murphy, J., concurring) (noting that reasonableness review of corrected sentences is necessarily different than reasonableness review of other sentences).

We find that the same is true here. Accordingly, we decline to add First Step Act proceedings to the list of sentence reduction and modification proceedings shielded from appellate review under § 3742(a)(1), and we hold that an allegation of unreasonableness in a First Step Act proceeding constitutes a cognizable "violation of law" that is reviewable under § 3742(a)(1).[3, 4]

---

[3]In this case, the district court granted Foreman relief under the First Step Act and imposed a reduced sentence. We therefore do not address the standard of review that would apply to a district court's *denial* of a First Step Act motion. But because both a grant and denial of a First Step Act motion entail acts of discretion, denials could presumably also be reviewed for abuse of discretion.

[4]We emphasize that this is not the same violation of law as that alleged in *Bowers*. Although sentence reductions might not implicate the Sixth Amendment, *see Bowers*, 615 F.3d at 727–28, an abuse of the unmoored discretion provided by the First Step Act presents a distinct violation of law neither premised on the Sixth Amendment nor comparable to a circumscribed yet unreasonable Rule 35(b) or § 3582(c)(2) sentence reduction. And to measure an abuse of discretion under the First Step Act, we think the familiar yardstick of reasonableness is useful, even if not required by *Booker*. *Cf. Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965–67 (2018) (assuming without deciding that even § 3582(c)(2) sentence reductions may be reviewed for procedural reasonableness); *id.* at 1968–71 (Kennedy, J., dissenting).

2.

We now turn to Foreman's arguments. Foreman first contends that his modified sentence is substantively unreasonable because it constitutes a "de facto upward variance" from what Foreman believes is his proper Guidelines range. CA6 R. 14, Appellant Br., at 27. This lower Guidelines range, Foreman argues, results from the fact that, in his view, he no longer qualifies as a career offender under current law. And had the district court conducted the plenary resentencing to which he believes he was entitled, Foreman claims that the district court would have reached this conclusion.[5] But, as discussed above, the district court was not required to conduct a plenary resentencing. The district court properly considered what Foreman's Guidelines range would have been had the Fair Sentencing Act been in effect when Foreman was originally sentenced and appropriately varied downward from that range. Foreman's substantive reasonableness argument, in other words, presupposes a plenary resentencing and career-offender determination to which he was never entitled.

Foreman also claims that the district court committed "an error of law" by not recognizing that application of the Fair Sentencing Act lowered his mandatory term of supervised release from five years to four years. CA6 R. 14, Appellant Br., at 25–26. The original PSR determined that Foreman was responsible for 135 grams of crack cocaine. In 2006, the threshold quantity triggering a mandatory five-year term of supervised release was fifty or more grams of crack cocaine. 21 U.S.C. § 841(b)(1)(A)(iii) (2006). When Foreman was sentenced, in turn, he was subject to this mandatory five-year minimum. *Id*. Section 2 of the Fair Sentencing Act, however, increased the drug quantity threshold to 280 or more grams of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2018). Accordingly, Foreman's mandatory-minimum term of supervised release after enactment of the Fair Sentencing Act would have been four years instead of five. *Id.* § 841(b)(1)(B)(iii). And the First Step Act applied that change retroactively to defendants, like Foreman, who were sentenced before August 3, 2010. The district court thoroughly examined how the less severe penalties in § 841(b)(1)(B) would

---

[5]In this argument, Foreman conflates the procedural aspects of a plenary hearing with his substantive one that he should not be a career offender. But, as the district court noted, we rejected Foreman's career offender argument, on the merits, in a prior appeal. *See Foreman v. United States*, No. 18-1274, 2018 U.S. App. Lexis 32179, at *4 (6th Cir. Nov. 13, 2018) (per curiam order).

now apply to Foreman's term of *imprisonment*, but it made little mention of Foreman's corresponding eligibility for a reduced term of supervised release. Foreman suggests that this disparity in the district court's discussion indicates it did not realize that Foreman was eligible to receive a reduced term of supervised release.

We disagree with Foreman's characterization of the district court's opinion and find that the district court committed no such legal error.[6] The district court thoroughly explained its sentencing rationale, carefully examining Foreman's circumstances, the amended penalty provisions, and the resulting changes to Foreman's Guidelines range. And the district court was not entirely silent regarding Foreman's term of supervised release. It expressly identified Foreman's "five years of supervised release" and concluded that it would "remain unchanged." DE 145, Op., Page ID 1133. This specific mention of the supervised release term, viewed in the context of a detailed, well-reasoned opinion suggests that the district court deliberately exercised its discretion in leaving the term of supervised release unchanged. *See Walton v. Arizona*, 497 U.S. 639, 653 (1990) ("Trial judges are presumed to know the law and to apply it in making their decisions."), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002). As the government correctly notes, the district court was not required to reduce Foreman's term of supervised release because only the *minimum* term was affected by the Fair Sentencing Act. In other words, a five-year term of supervised release is still within the applicable statutory range, and, as discussed above, the district court retains discretion to deny an otherwise eligible defendant any relief under the First Step Act. *See* § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to [section 404(b)].").

---

[6]Even though Foreman characterizes this error as one of procedural reasonableness, he essentially claims that the district court erroneously believed that "it lacked discretion, as a matter of law," to reduce his term of supervised release pursuant to the First Step Act. *Moran*, 325 F.3d at 794 (citing *United States v. Dellinger*, 986 F.2d 1042, 1044 (6th Cir. 1993)). Under *Moran*, such a claim predates *Booker* reasonableness review, and *Bowers* held that pre-*Booker* reasonableness grounds for appeal continue to confer appellate review under § 3742(a)(1). *See Bowers*, 615 F.3d at 724 n.9. Thus, even if we did not have authority to review reasonableness challenges, we would still have authority to review Foreman's claim.

Accordingly, we find that the decision to leave Foreman's term of supervised release intact while significantly reducing his term of imprisonment does not, on the facts of this case, evidence the district court's misunderstanding of its authority.

III.

Based on the foregoing, we affirm.