NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0574n.06

No. 20-3090

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff - Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>JAMES W. STEWART,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant -Appellee.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

**FILED**
Dec 08, 2021
DEBORAH S. HUNT, Clerk

Before: BATCHELDER, ROGERS, and WHITE, Circuit Judges.

ROGERS, Circuit Judge. In 2008, James Stewart was convicted on four counts of armed bank robbery and the use of a firearm during a crime of violence. We affirmed his conviction and sentence on direct appeal. *See United States v. Stewart*, 628 F.3d 246, 250 (6th Cir. 2010). In light of the Supreme Court's decision in *United States v. Davis*, the district court later granted Stewart's motion for relief under 28 U.S.C. § 2255. *See* 139 S. Ct. 2319 (2019). The court chose to correct Stewart's sentence by vacating the conviction and judgment on the unlawful firearm count, while leaving the rest of his sentences in place. Stewart now argues that the corrected sentence is unreasonable because the court failed to reevaluate his sentences on the remaining counts, in light of intervening changes in sentencing law, and continued to impermissibly double count the same conduct to vary upward for two separate offenses. The district court, however,

could properly correct Stewart's sentence instead of resentencing him, and in doing so properly declined to revisit previous sentencing determinations for the counts not affected by *Davis*.

In 2006, Stewart and his co-conspirators committed an armed bank robbery in Euclid, Ohio. *See Stewart*, 628 F.3d at 250. Stewart yelled instructions at bank employees, and then targeted Gwen Washington, an assistant manager. *See id*. Stewart shouted "Do you think I'm f […..] playing with you?" at Washington and shot her in the head. *See id*. Stewart then "immediately rechambered his weapon," and after fleeing the scene he told his co-conspirators that he shot Washington because he "told her not to move, and she moved." *See id*. Washington survived, but suffered "devastating injuries . . . leading to approximately forty surgeries, five months in the hospital, and continuing pain, physical impairment, and disfigurement." *See id*.

Stewart was indicted on four counts: conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (Count One), armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (Count Two), and two counts of using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Three and Four). The first firearm count was punishable under § 924(c)(1)(A)(iii), based on Stewart's discharging the shotgun during the robbery, and the second count under § 924(c)(1)(A)(ii), for the guns brandished by his co-conspirators. At Stewart's first trial, the jury convicted him on Count One, but there was a mistrial with respect to the other counts. Stewart was convicted on all other counts at a retrial.

To determine Stewart's sentence, the district court first calculated the applicable U.S. Sentencing Guidelines ranges. For Counts One and Two, the court found by a preponderance of the evidence that "the defendant intended to murder the victim by shooting her in the head at close range." Consequently, the court applied the assault-with-intent-to-commit-murder Guideline instead of the robbery Guideline. *See Stewart*, 628 F.3d at 258. The court noted that "[w]e do not

apply the firearm enhancement" because there were "mandatory minimum consecutive sentences for brandishing a firearm and discharging of a firearm" under Counts Three and Four. The Guidelines sentence for Count One was 60 months and the range for Count Two was 210 to 262 months, but after a discussion of the 18 U.S.C. § 3553(a) sentencing factors, the court chose to sentence Stewart above the Guidelines range based on Stewart's attempt to murder Washington and the permanent injuries she suffered as a result. Stewart received a sentence of 60 months on Count One and 300 months on Count Two (the statutory maximum), with the sentences running concurrently. *See Stewart*, 628 F.3d at 251-52.

For Counts Three and Four, the court found by a preponderance of the evidence that Stewart discharged his firearm and that his co-conspirators brandished their firearms. The Guidelines sentence for Count Three was 120 months and for Count Four was 84 months, and the statutory maximum was life in prison. The court varied upward from the Guidelines, again appearing to rely on Stewart's intent to murder Washington and the permanent injuries she suffered. The court sentenced Stewart to 420 months on Count Three and 84 months on Count Four. The sentences for Counts Three and Four were to run concurrently, but the 420-month total for Counts Three and Four were to be served consecutively to the 300-month total for Counts One and Two. Consequently, Stewart was sentenced to serve a total of 60 years in prison. *See Stewart*, 628 F.3d at 251-52.

On direct appeal, we affirmed Stewart's conviction and sentence. We held that the district court "properly found facts that influenced its sentencing decision" and "did not err in finding Stewart assaulted Washington with the intent to kill her." *See id.* at 256-57. We concluded that the district court did not err by applying the assault-with-attempt-to-commit-murder Guideline instead of the robbery Guideline, and determined that the court followed the correct sentencing

procedures for the upward variances. *See id.* at 257-59. In terms of the substantive reasonableness of the sentence, we held that the district court "did not abuse its discretion when it sentenced Stewart more severely" than his co-conspirators. *Id.* at 260. We also held that the district court's upward variances were not an abuse of discretion because the court properly considered the § 3553(a) factors and "made its final sentencing decision based on the totality of the circumstances." *See id.* at 261. We noted, however, that Stewart did not "appeal the issue of whether the district court improperly double counted various aspects of the crime when the court imposed an upward sentencing variance for both" the armed robbery and firearm offenses, and observed that the law was "unclear" on how double-counting principles apply when "both variances are based on the same aspects of the crime." *Id.* at 258-59.

In the district court, Stewart filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence due to ineffective assistance of counsel. The court denied his motion in 2012, concluding that both trial and appellate counsel provided adequate assistance. The court declined to issue a certificate of appealability, and we affirmed. The Supreme Court denied Stewart's petition for a writ of certiorari. In 2016, we denied Stewart's request for authorization to file a second § 2255 motion. In 2019, Stewart again requested authorization to file a § 2255 motion. While Stewart's request for authorization was pending, the Supreme Court held in *United States v. Davis* that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *See* 139 S. Ct. at 2323-24. Based on the Court's decision in *Davis*, we granted Stewart's request for authorization. In his second § 2255 motion, Stewart argued that the court should vacate his conviction and sentence on Count Four in light of *Davis*, and asserted that the court should resentence him on the remaining counts.

The district court instead chose to correct Stewart's sentence by vacating the conviction and sentence for Count Four. The court left the rest of the sentence in place, rejecting Stewart's argument that a resentencing was required in order to "unbundle" the sentence. The court emphasized that the sentence on Count Three was "within the statutory range," which "remains [the same] today if the Court were to resentence Defendant, a fact Defendant does not dispute." The court noted that "[a]s discussed at the original sentence, this case was an extreme . . . and warranted a higher sentence," and concluded that the "rationale from the original sentencing applies with equal force today." On appeal, Stewart argues that the district court erred by failing to recalculate the Guidelines range on one count based on an intervening change in law. Stewart also asserts that the original sentence impermissibly double counted the same conduct by using that conduct to justify upward variances on both the armed robbery offense and the firearm offense. Stewart argues that the district court "repeated" the original double-counting error by correcting Stewart's sentence without addressing the double-counting issue.

Count Four was not intertwined with the other convictions and could be severed without impacting Stewart's sentences on the other counts, so the district court did not abuse its discretion when it chose to correct Stewart's sentence by simply vacating Count Four instead of conducting a full resentencing. *See United States v. Augustin*, 16 F.4th 227, 232 (6th Cir. 2021). If a district court grants a defendant's § 2255 motion, the statute provides several ways in which the court can remedy the defendant's unlawful conviction or sentence, including resentencing the defendant or correcting the sentence. *See id*. at 232. A resentencing requires the court to "start from scratch" and hold a sentencing hearing in which the court "recalculate[s] the Guidelines range" and "reconsider[s] the § 3553(a) sentencing factors." *See id* at 232. In contrast, correcting a sentence is "arithmetical, technical, or mechanical." *See United States v. Flack*, 941 F.3d 238, 241 (6th Cir.

5

2019). Correcting a sentence does not require a hearing and may involve "simply vacat[ing] unlawful convictions (and accompanying sentences) without choosing to reevaluate the appropriateness of the defendant's original sentence." *See Augustin*, 16 F.4th at 232 (quotation omitted). The district court had "broad discretion to choose between" whether it should resentence Stewart or correct his sentence, but the resulting sentence must still be reasonable. *See id.* (citing *United States v. Mitchell*, 905 F.3d 991, 994 (6th Cir. 2018)); *United States v. Nichols*, 897 F.3d 729, 736-37 (6th Cir. 2018). The court's decision to vacate Stewart's conviction and sentence on Count Four while leaving the rest of the original sentences for the other counts intact was a proper correction of the sentence under § 2255.

A court may sometimes be required to resentence the defendant instead of merely correcting the sentence "if the error undermines the sentence as a whole," but that is not the case here. *See Augustin*, 16 F.4th at 232 (quotation omitted). The constitutional error at issue—that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague—applies only to Count Four, and Stewart does not argue otherwise. Furthermore, Stewart's conviction and sentence on Count Four did not indirectly influence his other sentences. As was the case in *Augustin*, "when [Stewart] was originally sentenced, circuit precedent required the district court to set an appropriate sentence for each underlying conviction without considering the sentencing effects of his § 924(c) conviction." *See id.* at 232-33 (citing *United States v. Franklin*, 499 F.3d 578, 583 (6th Cir. 2007)). Count Four could be severed without changing the basis for the other sentences, so this is not a case in which "vacating the sentence on one count unravels the remaining sentences." *See id.* at 232 (quoting *United States v. Palmer,* 854 F.3d 39, 49 (D.C. Cir. 2017)). Vacating the sentence and conviction for Count Four also had no impact on the total length of

Stewart's sentence. *See id.* Stewart's Count Four sentence of 84 months ran concurrently with his 420-month sentence on Count Three, so Stewart must still serve 420 months on Count Three.

The district court's corrected sentence was not rendered unreasonable by the fact that the court declined to reevaluate Stewart's sentences on the remaining counts to correct alleged errors in the original sentences. Stewart argues that the district court's act of correcting his sentence reaffirmed a double-counting error; he also argues that the court should have considered the impact of the Supreme Court's intervening decision in *Alleyne v. United States* on the applicable Guidelines range on one count.[1] *See* 570 U.S. 99 (2013). As discussed above, a court that corrects a defendant's sentence is not required to revisit the defendant's original sentences on the remaining counts. *See Flack*, 941 F.3d at 241.

Consequently, to achieve his desired result of compelling the district court to reevaluate his remaining sentences, Stewart must argue that he is entitled to a full resentencing. But we recently rejected such an argument in *Augustin*. In that case, the defendant was convicted on eight counts, including the same firearm offense that was the basis for Stewart's conviction on Count Four. *See* 16 F.4th at 231; *see* 18 U.S.C. § 924(c). After the defendant in *Augustin* filed a subsequent § 2255 motion, the district court declined to resentence him and instead corrected his sentence by vacating the unlawful firearm sentence. *See* 16 F.4th at 231. We rejected the defendant's argument that he was entitled to a resentencing instead of a correction due to errors in the district court's consideration of the § 3553(a) sentencing factors at his original sentencing and intervening factual changes that would impact the sentencing factors. We emphasized that the firearm sentence was independent and did not "undermine[] the sentence as a whole," so the district

---

[1] After Stewart's original sentencing, the Court held in *Alleyne* that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *See* 570 U.S. at 103. Stewart argues that his Guidelines range for Count Three is lower in light of *Alleyne*, because the court found that he discharged the firearm without submitting that question to the jury.

court was not required to reconsider the remaining sentences. *See id*. at 232 (quotation omitted). *Augustin* establishes that the district court was not required to resentence Stewart and reevaluate his original sentences, so Stewart's corrected sentence was not rendered unreasonable by the district court's choice to correct his sentence instead of resentencing him.

In his reply brief and response to an additional citation, Stewart claims he is *not* arguing that he is "entitled to resentencing." He asserts that his argument instead is that the "corrected sentence fails reasonableness review." This characterization does not make a difference. If a district court had to conduct a full resentencing in order to pass reasonableness review of a corrected sentence, it would eliminate the statutory distinction between resentencing and correcting a sentence. *See* 28 U.S.C. § 2255(b). Furthermore, Stewart asks us in his reply brief to "vacate the district court's order and remand for it to either provide a new rationale for correcting Stewart's sentence, or resentence him." The district court's elaboration of a "new rationale" would not cure the errors Stewart alleges, so he is essentially arguing that he is entitled to a full resentencing on all counts.

We affirm the judgment of the district court.