In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-3197

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

OLAITAN FOWOWE,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 08-cr-20006 — **James E. Shadid**, *Judge.*

ARGUED MARCH 31, 2021 — DECIDED JUNE 16, 2021

Before SYKES, *Chief Judge*, and FLAUM and EASTERBROOK,
*Circuit Judges.*

FLAUM, *Circuit Judge*. In 2009, defendant-appellant Olaitan
Fowowe was sentenced for a conviction for conspiracy to dis-
tribute crack cocaine. The following year, Congress passed the
Fair Sentencing Act of 2010, Pub. L. No. 111-220,
124 Stat. 2372, which prospectively reduced the amount and
kind of punishment for crack cocaine convictions like
Fowowe's. Fowowe—sentenced well before the Fair

Sentencing Act's August 3, 2010 enactment—was ineligible for reduced sentencing under the Fair Sentencing Act.

Despite this initial ineligibility, eight years later, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, created an avenue for people, like Fowowe, sentenced before August 3, 2010, to seek retroactive application of the Fair Sentencing Act. Section 404(b) of the First Step Act authorizes—but does not require—district courts to reduce the punishment for a crack offense that occurred prior to August 3, 2010, with the Fair Sentencing Act's shorter sentences.

In federal district court, Fowowe requested a reduced prison sentence under § 404(b) of the First Step Act to no avail. On appeal, Fowowe now argues the district court's evaluation of his request was deficient because the court failed to apply a Seventh Circuit decision that post-dated his initial sentencing by more than eleven years. To address Fowowe's argument, we must resolve a legal issue of first impression in this Circuit: Does § 404(b) authorize or require a district court to apply a judicial decision issued after the defendant was initially sentenced? This question is one narrow issue within a broader, emerging circuit split on the parameters of district court § 404(b) motion evaluation. We hold that § 404(b) authorizes but does not require district courts to apply an intervening judicial decision in evaluating First Step Act motions. Given this, we conclude the district court did not abuse its discretion in declining to recalculate Fowowe's sentencing range. We now affirm.

## I.    Background

In 2008, Fowowe was indicted for conspiring to distribute a controlled substance, namely cocaine and 50 or more grams

of a mixture and substance containing a cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Pursuant to a plea agreement, Fowowe pleaded guilty to conspiracy to distribute 50 or more grams of cocaine base ("crack cocaine"). In calculating his original sentence, the district court determined that Fowowe's sentencing range was a statutory mandatory minimum of life imprisonment.[1] In May 2009, the district court sentenced Fowowe to 262 months of imprisonment and ten years of supervised release. Years later, in May 2015, Fowowe moved for a reduced sentence pursuant to Amendment 782 to the federal sentencing guidelines, to which the government agreed, so long as Fowowe amended his motion. On July 15, 2015, the district court reduced Fowowe's sentence to 235 months of imprisonment and ten years of supervised release.

Most recently, Fowowe sought another reduction in his sentence based on various developments in federal law. In 2010, Congress changed how the federal government punishes convictions involving crack cocaine. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012). Until that time, federal law "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount of crack cocaine." *Id.* at 263. Following "strong[] critici[sm]" of that disparity and on recommendation of the United States Sentencing Commission, Congress passed the Fair Sentencing Act of 2010. *See id.* at 268–69.

---

[1] Before sentencing, however, the government filed a motion under 18 U.S.C. § 3553(e) attesting to Fowowe's substantial assistance. The government's motion permitted the judge to impose a sentence below the statutory minimum. *See id.* § 3553(e).

The Fair Sentencing Act "reduc[ed] the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1," *see id.* at 264, by first, "increas[ing] the drug amounts triggering mandatory minimums for crack trafficking offenses" and second, "eliminat[ing] the 5-year mandatory minimum for simple possession of crack," *id.* at 269 (first citing Fair Sentencing Act, § 2(a); and then citing § 3). Stated another way, the law reset the parameters under which a district court is required to impose a prison sentence for applicable drug offenses. For example, among other things, § 2 raised the quantity of applicable drugs that triggered a ten-year mandatory minimum prison term; the Fair Sentencing Act changed the amount from an offense involving fifty grams of crack cocaine under prior federal law to two hundred and eighty grams. *See, e.g.*, *United States v. Shaw*, 957 F.3d 734, 736–37 (7th Cir. 2020) (comparing penalties under 21 U.S.C. § 841 prior to and following the Fair Sentencing Act's enactment). Furthermore, under § 3 of the Fair Sentencing Act, Congress eliminated a mandatory minimum sentence for simple possession. *Id.* at 736 n.1.

The Fair Sentencing Act was initially inapplicable to Fowowe because it did not apply retroactively to those sentenced prior to August 3, 2010, the Fair Sentencing Act's effective date. *See Dorsey*, 567 U.S. at 264. In 2018, Congress subsequently enacted the First Step Act to pave the way for people sentenced before August 3, 2010, to seek a sentence reduction. *See United States v. Sutton*, 962 F.3d 979, 982 (7th Cir. 2020).

Hoping to take advantage of that avenue, Fowowe moved for a second time to reduce his sentence, this time under

§ 404(b) of the First Step Act on May 12, 2020.[2] All parties agreed that the district court could exercise its discretion to reduce Fowowe's sentence because his crack cocaine conviction qualified as a "covered offense" under the First Step Act. *See* § 404(a). The parties also initially agreed on the newly applicable mandatory minimum and maximum sentence, corresponding to the sentencing range that would have attached had the Fair Sentencing Act been in effect at the time of Fowowe's sentencing. This range informs the district court's consideration of whether to reduce an eligible § 404(b) movant's sentence. Thus, the parties agreed that the district court needed to consider that the Fair Sentencing Act only assigns a ten-year mandatory minimum sentence to Fowowe's crack cocaine conviction, rather than the mandatory life prison sentence that attached in 2009, and that his guidelines range was 324–405 months of imprisonment. However, Fowowe sought a downward departure to 180 months of imprisonment and eight years of supervised release. The government opposed this request.

Relevant on appeal, Fowowe then supplemented his briefing, arguing that the decision of this Court in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1239 (2021), altered his sentencing range. *Ruth* held that a violation of 720 Ill. Comp. Stat. 570/401(c)(2) involving cocaine does not trigger the statutory enhancement under 21 U.S.C. § 841(b)(1)(C). *See Ruth*, 966 F.3d at 650. According to Fowowe, the 324–405 month range in his original First Step Act motion erroneously incorporated that very sentencing

---

[2] Fowowe filed an earlier motion, pro se. However, the district court then appointed counsel, and Fowowe filed the May 2020 motion represented by counsel.

enhancement, but under *Ruth*, his three prior cocaine-related convictions under Illinois state law no longer qualified for the enhancement. By Fowowe's account, *Ruth* meaningfully impacted his sentencing ranges; he argued the applicable statutory penalty now ranged from a statutory minimum of five years to forty years of imprisonment along with four years of supervised release, as opposed to the ten years of imprisonment and eight years of supervised release calculated in his original § 404(b) motion. The government did not respond to Fowowe's supplemental briefing.

The district court granted Fowowe's motion in part; it denied the request for modification of his custodial sentence but granted the request for a shorter term of supervised release. The district court resentenced Fowowe to an unchanged—but previously reduced—term of imprisonment of 235 months and a reduced term of supervised release of eight years.

In reaching this decision, the court reasoned that although Fowowe was eligible for a reduction under the First Step Act, he had "already received a reduction in sentence from 262 to 235 months, and while the amended mandatory minimum is now [ten] years, the 235 months is still well below the amended guideline range of 324–405 months." Continuing on, the court stated that "while Defendant Fowowe ha[d] many achievements since his sentencing, which include[d] courses in financial responsibility, drug education and GED, any further reduction, given the large scale organization of purchasing and trafficking [crack cocaine] … along with the number of weapons retrieved …, would deprecate the serious[ness] of the offense, the need for deterrence and the desire to avoid unwarranted sentencing disparities." In listing the case filings, the court noted in passing that Fowowe had filed

supplemental briefing, but it did not otherwise discuss the *Ruth*-based arguments.

Fowowe now appeals.

## II.    Discussion

On appeal, Fowowe argues that the district court procedurally erred in its review of his First Step Act § 404(b) motion. We review the discretionary denial of a sentence-reduction motion for an abuse of discretion. *Sutton*, 962 F.3d at 986. However, we review questions regarding matters of statutory interpretation and proper sentencing procedures de novo. *See United States v. Hudson*, 967 F.3d 605, 609 (7th Cir. 2020) (statutory interpretation); *United States v. Conley*, 777 F.3d 910, 913 (7th Cir. 2015) (sentencing procedures).

In relevant part, § 404(b) of the First Step Act of 2018 states that:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, … impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed.

In weighing a First Step Act § 404(b) motion, district courts have discretion in determining whether and how much to reduce a defendant's sentence. *See United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) (per curiam) ("[T]he court's decision is discretionary; section 404(c) makes clear that the court is never required to reduce a sentence under section 404(b)."). We have described a district court's review of a First Step Act § 404(b) motion as a two-step process. "First, a judge considering a motion for a reduced sentence under the

First Step Act is faced with the question of whether the defendant is eligible for a sentence reduction. [Second,] [i]f the defendant is eligible, then the court faces the question of whether it *should* reduce the sentence." *Hudson*, 967 F.3d at 610.

The parties do not dispute that Fowowe's conviction qualifies as a "covered offense" that is eligible for a reduced sentence and therefore satisfies the first step of the § 404(b) inquiry. *See id.* at 611 (describing eligibility as a prerequisite to reaching step two). Thus, this appeal centers on the second step: *Should* the district court have reduced Fowowe's sentence? *See id.* at 610.

On appeal, Fowowe advances two arguments for why the district court erred in executing step two. First, Fowowe contends that the district court miscalculated his "guideline range" or "sentencing range"—in other words, the statutory minimum and maximum sentence that attached to his conviction—which a district court consults when deciding whether and by how much to reduce the movant's prison sentence. Second, he argues the district court procedurally erred because it did not engage substantively with his argument that *Ruth* altered his sentencing range. We will address these arguments in turn. Because whether the court must substantively engage with a defendant's First Step motion arguments is a threshold issue, we begin our analysis there.

### A. Failure to Consider Sentence Reduction Arguments

As a threshold issue, we consider whether the district court erred by failing to acknowledge any of Fowowe's *Ruth*-based arguments. Fowowe argues that "[a]though [he] does

not have the right to a sentence reduction under the First Step Act, he does have a right to have all his arguments considered." By Fowowe's formulation, the district court's consideration failure "alone is grounds for reversal."

In examining the sufficiency of district court explanations with respect to First Step Act findings, we look for an "indication that [the court] had considered the arguments presented in [a defendant's] motion." *See Shaw*, 957 F.3d at 740. Notably, a "barebones" district court explanation of its inherently discretionary First Step Act ruling "amounts to no exercise of discretion at all," a "non-exercise of discretion [that] is itself an abuse of discretion." *See Corner*, 967 F.3d at 666.

Here, the district court's explanation was more than "barebones." The district court acknowledged Fowowe's arguments regarding the sentencing factors and provided several considerations in its decisionmaking. The district court noted that the sentencing range had been amended under §§ 2 and 3 of the Fair Sentencing Act and explained the factors in its decision to disregard them, specifically, (1) that Fowowe's sentence was already reduced, and (2) "the need for deterrence and the desire to avoid unwarranted sentencing disparities" based on the "large scale organization" of drug trafficking and weapons retrieved in connection with his conviction. It also acknowledged, albeit summarily, that Fowowe had filed supplemental briefing, indicating on review the district court could have considered and subsequently declined the application of *Ruth*.

In conclusion, we reject Fowowe's threshold failure-to-consider arguments.

### B. Challenge to Sentencing Range Calculation

We turn next to the parties' subsidiary dispute over whether the district court miscalculated the sentencing range. Fowowe does not (nor can he) assert that the district court must have reduced his prison term. *See* First Step Act, § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Rather, he takes issue with the district court's procedure. Specifically, according to Fowowe, the district court consulted the "incorrect" sentencing range because the statutory minimums it relied on incorporated a sentencing enhancement that *Ruth* eliminated.

However, Fowowe was initially sentenced in 2009, and *Ruth* was issued in 2020. Fowowe's argument therefore assumes that the district court was required to apply a judicial decision issued after the defendant was originally sentenced, (an "intervening decision"). The government disagrees and raises another facet of the proper § 404(b) procedure, namely whether a district court is *authorized* to apply an intervening decision.[3] Specifically, the government contends that even if we conclude the district court procedurally erred in failing to address Fowowe's *Ruth*-based arguments, then that error was

---

[3] The parties do not dispute that, if *Ruth* applied, the sentencing range that the district court should have considered when evaluating Fowowe's First Step Act motion would have changed. In reaching its decision not to reduce Fowowe's sentence, the district court stated that "the amended mandatory minimum [prison term] is now [ten] years." However, if *Ruth* applied, then the range that the court should have considered would have been a mandatory minimum of five years of imprisonment and four years of supervised release.

harmless because the district court was not authorized to apply *Ruth.*

This appeal thus raises the legal question: Does § 404(b) of the First Step Act require or authorize a district court to apply an intervening judicial decision? If applying an intervening judicial decision is required, then the district court must calculate the sentencing range based on the judicial decision when it assesses whether and how much to grant a sentence reduction. As applied here, this would mean that the district court's failure to apply *Ruth* when calculating the sentencing range would then amount to a procedural error.

Before answering that question, we clarify our word choice. Although courts and litigants sometimes refer to a court's application of judicial decisions issued after the defendant was originally sentenced as "plenary resentencing," we avoid that term here. That is because litigants sometimes use that term interchangeably with other facets of sentencing.[4] For precision and consistency we refer to the question at the heart of this appeal as follows: Does § 404(b) require or authorize a district court to apply intervening judicial decisions?

---

[4] *See, e.g., United States v. Foreman*, 958 F.3d 506, 509 (6th Cir. 2020) ("Foreman argued that the First Step Act required the district court to engage in a plenary resentencing, including an in-person hearing, *de novo* application of current law, and reconsideration of his career offender status."); *United States v. Hamilton*, 790 F. App'x 824, 826 (7th Cir. 2020) (Litigant argued the "district court … should have conducted a full, plenary resentencing hearing. Had it done so, he continues, the court would have had to analyze anew whether any of his prior state drug convictions constituted a serious drug felony … .").

Turning now to our answer, the parties suggest we have already resolved this issue. We disagree. As we have previously explained, "[w]hat[] procedure, if any, a court must follow" under step two of a First Step Act analysis "is up for debate." *Corner*, 967 F.3d at 665. We begin with a brief overview of what guidance we have about the procedures for a First Step Act motion: First, we address what we have stated § 404(b) *requires* a district court to do, then second, we turn to what we have stated § 404(b) *authorizes*.

First, as to the former, this Court has set the procedural floor. We stated the First Step Act requires "a baseline of process." *Id.* Recall from Part I, above, that §§ 2 and 3 of the Fair Sentencing Act lowered the penalties for certain crack cocaine convictions by shortening or eliminating the prison term depending on the quantity of drugs involved. We stated that a district court evaluating a First Step Act motion is not required to lower a First Step Act movant's prison term. *See Corner*, 967 F.3d at 665 ("[T]he court is never required to reduce a sentence under section 404(b)."). However, the court still must determine the lower penalties set by the Fair Sentencing Act and consult that updated sentencing range to reach its decision. *See id.* ("We conclude that a district court's discretionary determination whether to grant a petitioner's motion for a reduced sentence under the First Step Act must be informed by a calculation of the new sentencing parameters."). Practically speaking, a district court ruling on a § 404(b) motion therefore must begin by recalculating the statutory minimum and maximum that would have applied had §§ 2 and 3 of the Fair Sentencing Act been in effect at the time the movant was originally convicted. Accordingly, "[n]ot considering the lower statutory penalties now applicable to [a defendant's] offense of conviction [is] procedural error." *Id.* at 666.

Second, we have stated what a district court is author-ized—as distinct from required—to consider when assessing how much to reduce a defendant's sentence. Federal law does not impose a precise formula to select a sentence. Section 3553 of Title 18 instructs a district court to consider a plethora of factors, including (among others) the nature of the crime, characteristics of the defendant, the needs of the community and victim, as well as the Sentencing Guidelines and policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3553(a)(1)–(7). We have therefore authorized a dis-trict court exercising its § 404(b) authority to draw on that menu of legal and factual considerations. As we explained in *Hudson*:

> [T]he First Step Act authorizes a court to con-sider a range of factors to determine whether a sentence imposed is sufficient, but not greater than necessary, to fulfill the purposes of [18 U.S.C.] § 3553(a). These include new statu-tory minimum or maximum penalties; current Guidelines; post-sentencing conduct; and other relevant information about a defendant's his-tory and conduct.

967 F.3d at 609 (citing *Shaw*, 957 F.3d at 741–42).

In sum, Fowowe's case succeeds a line of decisions de-scribing what factors a district court *must* and *may* draw on when exercising its statutory discretion under § 404(b) of the First Step Act to reduce a defendant's sentence. None of those decisions answered the question here of whether a district court must apply an intervening judicial decision. The parties have not pointed to—nor could we find—a single case in this Circuit that resolves that issue. The question central to this

appeal is therefore an issue of first impression. *See, e.g., United States v. Earnest*, 834 F. App'x 259, 260 (7th Cir. 2021) ("Although some courts have held that a plenary resentencing and a hearing are not required, we have not defined the minimum procedures a court must follow when deciding a motion under § 404(b)." (citing *Corner*, 967 F.3d at 665)).

Although this is an issue of first impression in this circuit, we do not write on a blank page. Our sister circuits have mixed views on whether a district court must apply an intervening judicial decision when calculating a defendant's new sentencing range. On the one hand, the Fourth Circuit has held that a district court must apply an intervening judicial decision. *See United States v. Lancaster*, 997 F.3d 171, 176 (4th Cir. 2021); *United States v. Chambers*, 956 F.3d 667, 675 (4th Cir. 2020).[5] On the other hand, the First, Second, Fifth, Sixth, Ninth, and Eleventh Circuits have each held that a district court is not required to apply a judicial decision issued after the defendant was initially sentenced when calculating the movant's new sentencing range. *See United States v.*

---

[5] Specifically, the Fourth Circuit held that the district court had erroneously designated a defendant as a career offender without "recalculat[ing] the Guidelines sentencing range in light of 'intervening case law,'" and remanded with instruction to recalculate the range without the enhancement. *See Lancaster*, 997 F.3d at 176 (quoting *Chambers*, 956 F.3d at 672).

Similar to *Lancaster*, although in narrower circumstances, in *United States v. Chambers*, 956 F.3d at 675, the Fourth Circuit reasoned that under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), a case held retroactive by *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), the defendant no longer qualified as a career offender, so continuing to apply the enhancement would amount to a "Guidelines error." *Chambers*, 956 F.3d at 673.

*Concepcion*, 991 F.3d 279, 292 (1st Cir. 2021), *petition for cert. docketed* (U.S. May 26, 2021) (No. 20-1650); *United States v. Moore*, 975 F.3d 84, 92 (2d Cir. 2020); *United States v. Hegwood*, 934 F.3d 414, 419 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 285 (2019); *United States v. Foreman*, 958 F.3d 506, 516–17 (6th Cir. 2020); *United States v. Kelley*, 962 F.3d 470, 479 (9th Cir. 2020), *petition for cert. docketed* (U.S. Mar. 17, 2021) (No. 20-7474); *United States v. Taylor*, 982 F.3d 1295, 1302 (11th Cir. 2020).[6] In

---

[6] Specifically, the First Circuit affirmed a district court's order that incorporated a sentencing enhancement that the defendant argued would have been precluded by "emerging case law." *See Concepcion*, 991 F.3d at 284, 292.

Likewise, the Second Circuit approved a district court's decision not to apply an intervening judicial decision and "h[eld] that the First Step Act does not entail a plenary resentencing, and that it does not obligate a district court to recalculate an eligible defendant's Guidelines range, except for those changes that flow from Sections 2 and 3 of the Fair Sentencing Act of 2010." *See Moore*, 975 F.3d at 90–92.

The Fifth Circuit approved the district court's decision not to apply an intervening judicial decision when calculating the defendant's sentencing range. *See Hegwood*, 934 F.3d at 416, 419.

The Sixth Circuit rejected a defendant's argument that the "First Step Act required the district court to engage in a … *de novo* application of current law, and reconsideration of his career offender status," *see Foreman*, 958 F.3d at 509, and reiterated its prior holding in *United States v. Alexander*, 951 F.3d 706 (6th Cir. 2019) (per curiam), that "the district court was not required to conduct a plenary resentencing[,]" *see Foreman*, 958 F.3d at 511, 515–17.

The Ninth Circuit similarly approved a district court's decision to calculate the sentencing range without applying an intervening judicial decision. *See Kelley*, 962 F.3d at 475–76, 479.

short, only the Fourth Circuit has required a district court to apply an intervening judicial decision in recalculating a defendant's sentencing range.

Despite the growing consensus that a district court is not required to apply intervening judicial decisions, those courts disagree over whether § 404(b) authorizes a district court to apply such a decision. The Sixth Circuit has held that a district court is permitted to apply an intervening legal decision to calculate a sentencing range. *See United States v. Maxwell*, 991 F.3d 685, 692 (6th Cir. 2021), *petition for cert. docketed* (U.S. May 27, 2021) (No. 20-1653). The First Circuit has aligned with that logic; in addressing the second step of the § 404(b) process, the First Circuit authorized district courts to "consider guideline changes, whether or not made retroactive by the Sentencing Commission," which we read to include intervening legal decisions. *See Concepcion*, 991 F.3d at 290 (describing district court's discretion as applied only to step two of the legal analysis). However, the Fifth, Ninth, and Eleventh Circuits have imposed limits on a district court's § 404(b) discretion by instructing courts to "decide[] on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *Hegwood*, 934 F.3d at 418–19; *Kelley*, 962 F.3d at 475 (similar); *Taylor*, 982 F.3d at 1302 (similar).[7]

---

The Eleventh Circuit rejected a defendant's argument that he was "entitled to a full resentencing hearing, with the benefit of all the changes in the law since his original sentencing in 2001." *Taylor*, 982 F.3d at 1302.

[7] The Ninth Circuit likewise stated that "the First Step Act … does not authorize the district court to consider other legal changes that may have

Other circuits have not squarely addressed the issue of whether district courts are authorized to apply intervening judicial decisions. However, as already summarized, we authorize courts to reevaluate the § 3553(a) factors when executing step two of the § 404(b) analysis. *See Hudson*, 967 F.3d at 609 (holding § 404(b) evaluation may but need not entail reevaluation of the § 3553(a) factors). A majority of our sister circuits share this Court's view that step two could entail a comprehensive review of the § 3553(a) factors, including the First, Second, Third, Fourth, Sixth, Tenth, and D.C. Circuits. *See Concepcion*, 991 F.3d at 290; *Moore*, 975 F.3d at 92 n.36; *Chambers*, 956 F.3d at 674; *United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020); *United States v. Mannie*, 971 F.3d 1145, 1158 n.18 (10th Cir. 2020); *United States v. White*, 984 F.3d 76, 90–91 (D.C. Cir. 2020). *But see United States v. Easter*, 975 F.3d 318, 327 (3d Cir. 2020) (requiring rather than permitting consideration of § 3553(a) factors).

---

occurred after the defendant committed the offense." *Kelley*, 962 F.3d at 475.

The Eleventh Circuit instructed that "[t]he authority to reduce [the defendant's] sentence 'as if sections 2 and 3 of the Fair Sentencing Act' were in effect when [the defendant] committed his offense does not permit the court to reduce [the defendant's] 'sentence on the covered offense based on changes in the law beyond those mandated by' those sections." *Taylor*, 982 F.3d at 1302 (quoting *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020)); *see also Denson*, 963 F.3d at 1089 ("[I]n ruling on a defendant's First Step Act motion, the district court … is not free to change the defendant's original guidelines calculations that are unaffected by sections 2 and 3, to reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 and 3, or to change the defendant's sentences on counts that are not 'covered offenses.'" (first citing First Step Act § 404(b); and then citing *Hegwood*, 934 F.3d at 418)).

With this emerging split in mind, we join the Sixth Circuit's view that § 404 of the First Step Act authorizes but does not require a district court to apply intervening judicial decisions. We begin with the First Step Act § 404(b)'s plain language, which does not require application of intervening judicial decisions. Instead, § 404(b) expressly establishes the district court's permissive authority to reduce a sentence: "as if sections 2 and 3 of the Fair Sentencing Act of 2010 … were in effect."

We read § 404(b) to mean what it says: to require a district court to recalculate the sentencing range under the Sentencing Guidelines "as if" the lower drug offense sentences articulated in §§ 2 and 3 of the Fair Sentencing Act were in effect at the time of the commission of the offense when executing step two. *See Moore*, 975 F.3d at 90–91 ("The text of the First Step Act runs contrary to [defendant's] argument."). Backdating §§ 2 and 3 is the explicit basis for and therefore the only requirement Congress imposed on a district court exercising its discretion. *See id.* at 91 ("Through its 'as if' clause, all that § 404(b) instructs a district court to do is to determine the impact of Sections 2 and 3 of the Fair Sentencing Act … .").

The statute's grant of discretionary authority further reinforces our view that § 404(b) authorizes but does not require application of intervening judicial decisions. Section 404(b) affords the district court significant latitude, stating that it "may … impose a reduced sentence." *See also Corner*, 967 F.3d at 665 (noting discretionary nature of the analysis); *Hudson*, 967 F.3d at 612 (noting § 404(b) permits a district court to apply 18 U.S.C. § 3553(a) "[w]ithout mandating a particular set of procedures"). Moreover, § 404(c) of the First Step Act refers to "*a complete review of the motion* on the merits," which

suggests that the First Step Act contemplates a "close review," even if it does not require one. *See Corner*, 967 F.3d at 665.[8] The statute does so while remaining silent on what else a district court must do. In other words, to say a district court may conduct such a review is not to say it must.

We are further persuaded by the remedial purpose of the First Step Act. The First Step Act's design of addressing disparities in sentencing underscores that "utilizing 18 U.S.C. § 3553(a)'s familiar framework in considering a motion under the First Step Act makes good sense." *Hudson*, 967 F.3d at 612 (citation and internal quotation marks omitted). That is because "today's Guidelines may reflect updated views about the seriousness of a defendant's offense or criminal history." *Id.* (quoting *Shaw*, 957 F.3d at 742). "The First Step Act does not prevent the court from considering" any such changes "when deciding whether the sentence imposed is 'sufficient,

---

[8] *But see Moore*, 975 F.3d at 91 (questioning utility of § 404(c) in addressing the scope of § 404(b) because "it would be strange for Congress to have obliquely slipped a standard for adjudicating First Step Act motions into a provision that bars repetitive litigation"). In light of the brevity of the provision's language, we do not take such a restrictive reading. However, it does not affect our analysis because the Second Circuit still continues to authorize courts to assess intervening sentencing guideline changes and factual developments. *See id.* at 92 n.36 ("Accordingly, it is clear that a district court's discretion under the First Step Act as to whether to reduce a defendant's sentence (and if so, to what extent) is not limited by the applicable Guidelines range. When considering whether to impose a reduced sentence under the First Step Act, the district court retains the same discretion under *United States v. Booker*, 543 U.S. 220 (2005), to vary from the advisory Guidelines that it would have had at the time of the defendant's sentencing.").

but not greater than necessary,' under 18 U.S.C. § 3553(a)." *Id.* (quoting § 3553(a)).

Most courts have broadly said that courts are authorized, but not required, to consider § 3553(a) factors (of which application of judicial decisions is a part). The Sixth Circuit, as we noted above, has gone so far as to agree with the more specific view we now endorse that a district court is authorized, but not required, to apply an intervening judicial decision. *See Maxwell*, 991 F.3d at 692. We share the Sixth Circuit's view that our cases "do not require district courts to conduct plenary resentencing hearings in response to a petition under the First Step Act, [but] they permit courts to consider subsequent developments in deciding … by how much" to modify the original sentence. *See id.* at 691 (authorizing district court to apply an intervening decision because "[a]ny 'consideration of the impact that [an intervening judicial decision] would have had on [the defendant's] statutory sentencing range is a factor that the district court may consider when deciding whether, in its discretion, to grant relief.'" (some alterations in original) (citation omitted)).

More generally, a majority of other circuits support the consistent (albeit distinct) proposition that district courts are authorized, but not required, to consider § 3553(a) factors. It follows, then, that intervening changes in the law shed light as a district court assesses those factors. *See Maxwell*, 991 F.3d at 692 ("All told, our decisions and most of our sister circuits permit defendants to raise these intervening developments, such as changes to the career-offender guidelines, as grounds for reducing a sentence, and they permit (but do not require) district courts to consider these developments in balancing

the § 3553(a) factors and in deciding whether to modify the original sentence.").

Our view that district courts are not required to apply intervening judicial decisions is not altered by any of the common arguments presented to other courts on this issue. Some have argued that § 404(b)'s use of the verb "impose" suggests application of intervening judicial decisions. The argument goes that the statute's invocation of the word "impose" reflects Congress's intentional decision to establish rigorous procedural requirements, including de novo review of judicial decisions. In *Chambers*, the Fourth Circuit agreed, reasoning that the First Step Act "expressly permits the court to 'impose a reduced sentence,'" rather than to merely "'modify' or 'reduce,' which might suggest a mechanical application of the Fair Sentencing Act." *See* 956 F.3d at 672 (comparing § 404(b)'s use of "impose" to 18 U.S.C. § 3582(c)(2)).

Despite the Fourth Circuit's reasoning, the term "impose" does not alter our view that § 404 does not require application of intervening judicial decisions because that argument disregards the other language of § 404. "[T]he First Step Act does not simply authorize a district court to 'impose a sentence,' period. Instead, it authorizes the court to do so subject to the 'as if' clause—that is, to determine the impact of sections 2 and 3 of the Fair Sentencing Act." *Moore*, 975 F.3d at 91; *see also Kelley*, 962 F.3d at 476 (reasoning that viewing "impose" in isolation "fails to account for the First Step Act's 'limiting language,' namely, the 'as if' clause"); *Foreman*, 958 F.3d at 511 (reasoning "a district court 'impose[s] a new sentence' even when it engages in a limited modification or reduction of an existing sentence—not just when it conducts a plenary resentencing," including application of intervening judicial

decisions (alteration in original)). Furthermore, Congress did not use "impose" uniformly throughout the statute. *See Foreman*, 958 F.3d at 511. "If … Congress had intended to create" such a comprehensive resentencing scheme "using a single term, we would at least expect it to have uniformly relied on that term." *Id.*

Recognizing that our and the Sixth Circuit's position may be in some tension with that of certain of our sister circuits, we obviously cannot predict their future views on the matter squarely before us. However, the Fifth, Ninth, and Eleventh Circuits' decisions do not dissuade us from holding that application of intervening judicial decisions is permissible because we cannot reconcile our view that a district court may consider § 3553(a) factors with a command to turn a blind eye to developments in our own jurisprudence that update our notions about the severity and dangerousness of a crime while carrying out that inquiry.

Furthermore, it is unclear the precise contours of the limits certain of our sister circuits impose on district courts regarding what constitute changes flowing from §§ 2 and 3 of the Fair Sentencing Act. For example, the Fifth Circuit's subsequent cases illustrate that its view that district courts could only consider "changes in the law" "mandated" by the Fair Sentencing Act may encompass more than *Hegwood* suggests at first blush. In *United States v. Stewart*, 964 F.3d 433, 438 (5th Cir. 2020), for example, the Fifth Circuit did not limit the "changes mandated by [the Fair Sentencing Act]" to exclusively the lower statutory penalties imposed by §§ 2 and 3 of the Fair Sentencing Act. *See id.* at 438–39. Rather, the court held that a district court erred in declining to consider a Guidelines amendment that constituted a "change in the law

that *did* result from [the Fair Sentencing Act]." *Id.* That Guidelines amendment was promulgated pursuant to the Fair Sentencing Act's instruction to "the Sentencing Commission to make changes to the Guidelines in order to bring them into conformity with sections 2 and 3 of [the Fair Sentencing Act]," and it deemed the amendment in question as "one such change." *Id.*

Turning to Fowowe's specific arguments on appeal, we conclude none rescue his position that a district court is required to apply intervening judicial decisions. Fowowe's contention that our trio of cases (*Corner*, *Hudson*, and *Shaw*) required the district court to apply *Ruth* misunderstands those cases. As summarized, the trio made clear how we have *not* authoritatively resolved this issue. *Hudson* and *Shaw* described what a district court is authorized to consider. *See Hudson*, 967 F.3d at 609; *Shaw*, 957 F.3d at 741–42. *Corner*, too, did not resolve the debate over whether application of judicial decisions is required, but rather held that at a minimum, the district court must recalculate the defendant's sentencing range to account for lower statutory penalties that the Fair Sentencing Act assigned to certain quantities of crack cocaine. *See Corner*, 967 F.3d at 665–66. We have stated time and again that we left open whether § 404(b) requires application of intervening judicial decisions. *See, e.g.*, *Earnest*, 834 F. App'x at 260–61; *see also Hamilton*, 790 F. App'x at 826. Finally, several other arguments advanced were unpersuasive and did not impact our outcome.

In sum, we authorize a district court to apply intervening judicial decisions when exercising its discretion to reduce a petitioner's sentence under the First Step Act § 404(b). A district court, however, is not required and thus does not

procedurally err by failing to apply intervening judicial decisions. Accordingly, the district court here did not abuse its discretion.

### III.    Conclusion

For the foregoing reasons, we AFFIRM the decision of the district court.