NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2021[*]
Decided November 5, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1551

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:97 CR 88 |
| JACOBY WALKER, *Defendant-Appellant*. | James T. Moody, *Judge*. |

**O R D E R**

Jacoby Walker, a federal inmate convicted of drug and firearm crimes, twice asked the district court to reduce his life sentence: first under 18 U.S.C. § 3582(c)(2) and later under the First Step Act of 2018. The judge granted Walker's motions in part, reducing his sentence to 60 years. Walker now argues that the judge should have

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

lowered his sentence further. But because the 60-year sentence reflected an appropriate exercise of discretion, we affirm the judgment.

Walker was convicted in 1998 for his leadership role in a large enterprise that distributed powder and crack cocaine around Gary, Indiana. He was found guilty on six counts: conspiring to distribute 5 kilograms or more of powder cocaine and 50 grams or more of crack cocaine, 21 U.S.C. § 846; two counts of distributing 5 grams or more of crack cocaine, *id.* § 841(a)(1) (1998); employing a minor to distribute cocaine, *id.* § 861(a)(1); and two counts related to carrying a semiautomatic pistol equipped with a silencer, 18 U.S.C. § 924(c)(1); 26 U.S.C. §§ 5861(d), 5871.

At sentencing the judge held Walker responsible for higher drug quantities than charged in the indictment or found by the jury. Based on these quantities, the judge imposed a life sentence on the four drug counts; a concurrent 10-year sentence on one firearm count; and a mandatory, consecutive 30-year sentence on the second firearm count. 18 U.S.C. § 924(c)(1). We affirmed on direct appeal. *United States v. Frazier*, 213 F.3d 409, 419 (7th Cir. 2000).

Walker moved to vacate his sentence under 28 U.S.C. § 2255, arguing, as relevant here, that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)—decided while his appeal was pending—because the jury did not determine the drug quantities used in sentencing. The judge, who had also presided over Walker's criminal trial and sentencing, found that Walker procedurally defaulted the claim by not raising it on direct appeal and, regardless, he failed to show prejudice because the jury heard "an abundance of evidence" that "overwhelmingly demonstrate[d]" drug quantities far higher than those charged in the indictment.

Later, Walker filed two motions to reduce his sentence. He moved first under § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines, a retroactive amendment that reduces the base offense level of most drug offenders. While that motion was pending, he filed a second motion, this time under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, which makes retroactive the Fair Sentencing Act's modified penalties for crack-cocaine offenses. He asked the judge to follow *Apprendi* and disregard the unindicted drug quantities.

In a single order resolving both motions, the judge reduced Walker's sentence on the drug convictions from life to 30 years, for a total of 60 years, including the consecutive sentence under § 924(c). First, the judge declined to reconsider his previous

rejection of Walker's *Apprendi* argument. Next, noting that Amendment 782 effectively lowered Walker's Guidelines range to 360 months to life, the judge sentenced him to 360 months. The judge acknowledged Walker's educational achievements while incarcerated, good disciplinary record, and supportive family and friends, but he also emphasized the serious nature of Walker's crimes (a leadership role in a dangerous drug conspiracy where he employed a minor to sell drugs and possessed a firearm silencer) and the need for deterrence. *See* 18 U.S.C. § 3553(a). Finally, the judge expressly recognized his discretion to impose a below-Guidelines sentence but declined to do so based on his assessment of the § 3553(a) factors.

On appeal Walker maintains that *Apprendi* governs First Step Act proceedings, and so the judge erred by basing the sentence on drug quantities not found by the jury. But § 404 of the First Step Act does not require district judges to apply intervening judicial decisions like *Apprendi*. *United States v. Fowowe*, 1 F.4th 522, 532 (7th Cir. 2021). The judge reasonably explained that having already rejected Walker's *Apprendi* argument on collateral review, he need not reconsider it.

Next, Walker argues that the judge's assessment of the § 3553(a) factors overlooked his commendable postsentencing conduct, § 3553(a)(1), and a sentencing disparity between him and a codefendant (who was resentenced to 27 years in prison under the First Step Act), § 3553(a)(6). Regarding the first point, the judge acknowledged Walker's educational achievements and favorable disciplinary record in prison but appropriately weighed them against other sentencing factors, including the seriousness of Walker's offense and the need for deterrence. On the second point, a disparity between codefendants' sentences does not typically warrant reversal of a within-Guidelines sentence because by sentencing within the Guidelines, the judge has necessarily considered disparities. *United States v. Castro-Aguirre*, 983 F.3d 927, 944 (7th Cir. 2020). Here, Walker and his codefendant both received new sentences at the bottom of their respective Guidelines ranges; the codefendant had a lower range because he pleaded guilty to a single drug count and faced no consecutive sentence under § 924(c).

Finally, Walker argues that the judge incorrectly used a 1992 drug conviction to determine his criminal-history category. Prior sentences may be used in calculating the defendant's criminal-history category, U.S.S.G. § 4A1.1 ("Add 3 points for each prior sentence of imprisonment exceeding one year and one month."), but this provision excludes convictions for "relevant conduct" to the instant offense, *id.* § 4A1.2 cmt. n.1. The judge assessed three criminal-history points for the 1992 conviction, for which

Walker served 16 months. Walker maintains—and the government agrees—that he should not have received these points because the 1992 conviction was treated as relevant conduct at Walker's 1998 trial. In Walker's view he had no other criminal-history points, so the judge should have placed him in criminal-history category I for a Guidelines range of 324–405 months rather than 360 months to life.

Although Walker is correct that his 1992 cocaine conviction should not have counted in the assessment of his criminal-history category, the error was harmless. Even without the three points in question, Walker still faced a Guidelines range of 360 months to life. (In arguing for a lower range, Walker ignores two criminal-history points properly assessed for committing his latest offense while on probation. *See id.* § 4A1.1(d).) And the judge signaled that he would not have varied downward in any event, explaining that any sentence below 360 months would be inappropriate in light of the § 3553(a) factors. *See United States v. Clark*, 906 F.3d 667, 671 (7th Cir. 2018) (concluding that the miscalculated Guidelines range was harmless because the judge would have imposed the same sentence regardless).

We have considered Walker's other arguments, and they are meritless.

AFFIRMED