**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2022[*]
Decided February 16, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 19-3540

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 05 CR 271-1 |
| MARK CLARK, | |
| *Defendant-Appellant.* | John Robert Blakey, |
| | *Judge.* |

**O R D E R**

Mark Clark, a federal inmate serving a prison sentence for a crack-cocaine offense, moved for a reduced sentence under § 404(b) of the First Step Act of 2018. The

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

district court granted a reduction that was less than what Clark requested. The district judge followed the proper procedure and did not abuse his discretion, and so we affirm.

In 2006, Clark pleaded guilty to distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). The district judge sentenced him to 360 months' imprisonment and 5 years' supervised release. After that, Clark twice moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence, first based on Amendment 706 to the Sentencing Guidelines and then on Amendment 782. The judge granted the second motion and reduced his sentence to 312 months, within the reduced guidelines range of 262 to 327 months' imprisonment.

In 2019, Clark moved a third time to reduce his sentence, now under § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). He requested a reduction in his prison sentence to 210 months, below the still-applicable guidelines range of 262 to 327 months. He argued that several factors justified that sentence: his age, clean disciplinary record (a single nonviolent infraction 17 years ago), and rehabilitative efforts (earning his GED and completing other educational and vocational courses). The government agreed that Clark was eligible for a reduction under § 404 because the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372—made applicable retroactively to Clark by the First Step Act—lowered the statutory minimum and maximum penalties for his offense. But it argued that he had already received a sentence reduction that reflected his post-sentencing progress, and his guidelines range had not changed since then.

After receiving written submissions and holding a hearing over two days, the district court (now a different judge) partially granted Clark's motion. The judge emphasized Clark's "strong" rehabilitative efforts and noted that the need to protect the public from Clark now was reduced. The judge also stated that he considered the guidelines policy statements, the need to avoid unwarranted disparities among similarly situated offenders, and the congressional intent to reduce disparities between sentences for offenses involving crack and powder cocaine. He concluded that a reduced prison sentence of 295 months was warranted but that the seriousness of the offense and the needs to promote respect for the law and to provide just punishment weighed against the below-guidelines sentence Clark sought.

On appeal, Clark first argues that the judge procedurally erred by ignoring (1) the evidence of his rehabilitation, (2) policy statements from the U.S. Sentencing Commission, (3) the need to avoid unwarranted disparities, and (4) Congress' policy shift toward more lenient sentences for crack-cocaine offenses. *See* 18 U.S.C. § 3553(a)(1),

(5)–(6); *United States v. Hudson*, 967 F.3d 605, 611–12 (7th Cir. 2020) (changed statutory penalties appropriate consideration when resentencing under the First Step Act). As our summary of the hearings makes clear, the record does not support his contentions. The judge discussed Clark's rehabilitation at length—concluding that it merited partially granting the motion. He also said that he had considered the Commission's policy statements, the need to avoid unwarranted disparities, and the goal of the First Step Act to give inmates like Clark a chance to benefit retroactively from the reduced statutory penalties for crack-cocaine offenses. This shows compliance with the procedural requirements. *See United States v. Fowowe*, 1 F.4th 522, 527 (7th Cir. 2021). Moreover, the judge addressed potential disparities by sentencing Clark within the modified guidelines range. *See United States v. Sanchez*, 989 F.3d 523, 541 (7th Cir. 2021).

Next, Clark argues that the judge abused his discretion by not granting a larger sentence reduction, maintaining that the judge gave "short shrift" to his post-conviction conduct and his advanced age. But the judge fully considered Clark's arguments and reasonably concluded that the seriousness of the offense and the need to promote respect for the law outweighed those considerations. We will not reweigh the factors or substitute our own judgment for the district judge's. *United States v. Taylor*, 907 F.3d 1046, 1052 (7th Cir. 2018).

AFFIRMED