NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2022[*]
Decided September 8, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-2643

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 09–CR–40069–JPG |
| WALTER G. SANDERS, JR., *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Walter Sanders appeals the denial of his motion for a sentence reduction under the First Step Act. He argues that the district court procedurally erred by failing to calculate his new guideline range. Because Sanders received the statutory minimum prison term, however, any error was harmless; we thus affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

As relevant to this appeal, Sanders pleaded guilty in 2010 to distributing crack cocaine, for which he faced a statutory minimum sentence of 240 months in prison. See 21 U.S.C. § 841(a)(1), (b)(1)(A) (2010). In sentencing Sanders, the judge calculated a guideline range of 292 to 365 months based on an offense level of 37 and a criminal history category of IV. The government and the probation office had proposed a criminal history category of VI, yielding a guideline range of 360 months to life. The judge rejected that designation because it "overrepresented" Sanders' criminal background. He sentenced Sanders to 300 months in prison.

Four years later, in 2014, the judge granted the parties' agreed motion to reduce Sanders' sentence based on an amendment to the Guidelines. He adopted the parties' calculation of Sanders' amended guideline range based on a new offense level of 35 and, as the judge originally determined, a criminal history category of IV. The agreed-upon range was 235 to 292 months in prison. The judge then reduced Sanders' sentence to the statutory minimum of 240 months. See 21 U.S.C. § 841(b)(1)(A) (2014). (Because the statutory minimum was 240 months in prison, it determined the lowest possible sentence, see *United States v. Gibbs*, 578 F.3d 694, 695 (7th Cir. 2009), and according to the Sentencing Table, U.S.S.G. Ch. 5, Pt. A, the top of the range was 293, not 292, months.)

In 2019, Sanders moved to reduce his sentence further under Section 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194 (2018). This section retroactively applied the lower penalties enacted in the Fair Sentencing Act, Pub. L. No. 111–220, 124 Stat. 2372 (2010), to defendants who, like Sanders, committed covered offenses before August 2010. The government opposed the request. It attached a worksheet from the probation office stating that the statutory minimum remained 240 months, the offense level had decreased to 33, and the criminal history category should be VI (not IV, as the parties proposed and the court applied in 2014). These criteria yielded a proposed guideline range of 240 to 293 months.

The judge denied the motion. He noted that Sanders was eligible for relief because the Fair Sentencing Act modified the penalties for his statute of conviction, 21 U.S.C. § 841(b)(1)(A). See *United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020). But the judge reasoned that the sentencing factors under 18 U.S.C. § 3553(a) weighed against a second sentence reduction. Specifically, the judge noted, Sanders had purchased large quantities of cocaine with a coconspirator, he was known as the "biggest crack cocaine dealer" in his area, and his statutory minimum had not changed. Before applying these sentencing factors, the judge did not refer to or adopt the

government's proposed guideline range of 240 to 293 months. The judge instead referred to his 2014 order granting the parties' joint motion to reduce Sanders' sentence.

On appeal Sanders argues that the judge improperly denied his motion. Although the parties agree that the offense level is now 33, Sanders contends that the court procedurally erred by not specifying his criminal history category or the guideline range that it relied upon. The reference to the 2014 order is of no help, he insists, because the offense level in that order no longer applies to him.

We review questions about proper sentencing procedures de novo. *United States v. Fowowe*, 1 F.4th 522, 526 (7th Cir. 2021). A judge's discretionary determination whether to grant a motion under Section 404(b) must be informed by a calculation of the advisory sentencing range. *United States v. Corner*, 967 F.3d 662, 665–66 (7th Cir. 2020) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)) (analogizing procedural requirements on First Step Act motion to requirements at sentencing, such as calculation of guideline range). But any errors in calculating the advisory guideline range are subject to harmless error analysis. *United States v. Shelton*, 905 F.3d 1026, 1031 (7th Cir. 2018).

We see no reversible error. We will assume that, under *Corner*, the judge wrongly did not compute Sanders' guideline range, but any error is harmless. In 2014, Sanders agreed to a criminal history category of IV, so he is bound to that concession. See *United States v. Robinson*, 964 F.3d 632, 639–40 (7th Cir. 2020) (explaining that agreement to drug quantity removed issue from the case). That category combined with the uncontested, new offense level of 33 yields an advisory range of 188 to 235 months. See U.S.S.G. Ch. 5, Pt. A (sentencing table). But the statutory minimum prison term that the government identified in the district court, and that Sanders did not contest, was 240 months. Sanders therefore gave the judge no reason or authority to sentence him to below 240 months; likewise, any lower guideline range could not have benefited him. See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.")

We conclude with an observation about recent caselaw. In 2020, we decided that the Illinois conviction that the district judge relied on to enhance Sanders's statutory minimum to 240 months no longer counts as a predicate "felony drug offense" for a sentencing enhancement under 21 U.S.C. § 841(b)(1)(C). *United States v. Ruth*, 966 F.3d 642, 650 (7th Cir. 2020); see *also United States v. McSwain*, 25 F.4th 533, 539 (7th Cir. 2022). Had Sanders raised this development with the judge when presenting his motion

under Section 404(b) of the First Step Act, the judge could have considered whether *Ruth* lowered his statutory minimum prison term below 240 months, potentially providing him with more sentencing relief. See *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022); *United States v. Fowowe*, 1 F.4th 522, 531–32 (7th Cir. 2021). If Sanders now brings a different motion for sentencing relief and raises this issue under *Ruth*, we leave it to the district judge to decide whether (a) the issue warrants recruitment of counsel and (b) if the limitation in Section 404(c) of the First Step Act, which may preclude a court from considering a new motion under the Section 404(b) of the Act if a previous motion was denied, applies to the new motion that Sanders brings. But, to repeat, on the current record no reversible error occurred.

AFFIRMED